**The STATE of Ohio, Appellant,**

**v.**

**FORTADO, Appellee.**

[Cite as *State v. Fortado* (1996), 108 Ohio App.3d 697.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17393.

Decided Jan. 24, 1996.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *William D. Wellemeyer,* Assistant Prosecuting Attorney, for appellant.

*Matthew Fortado, pro se.*

REECE, Judge.

Appellant, the state of Ohio, appeals the trial court's judgment ordering the sealing of the records of appellee, Matthew Fortado. We affirm.

The Summit County Grand Jury indicted Matthew Fortado for aggravated trafficking in drugs, conspiracy to commit aggravated trafficking, drug abuse and receiving stolen property. The trial court dismissed the aggravated trafficking charge. The conspiracy charge was amended to a charge of drug abuse. A jury found Fortado not guilty of the charge of receiving stolen property. The trial court ordered treatment in lieu of conviction for the two charges of drug abuse. Fortado successfully completed the treatment. Accordingly, the trial court dismissed the two charges of drug abuse on May 18, 1995. On June 16, 1995, Fortado moved the trial court to seal all his records pursuant to R.C. 2953.52(A)(1). The trial court ordered the records sealed on August 1, 1995. The state now appeals.

The state raises two assignments of error, which essentially argue that the trial court improperly ordered the sealing of Fortado's records.

R.C. 2951.041 states:

"(A) If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea.

"(B) * * *

"Upon such a finding and if the offender enters a plea of guilty or no contest, the court may stay all criminal proceedings and order the offender to a period of rehabilitation. * * *

" * * *

"(H) If, on the offender's motion, the court finds that the offender has successfully completed the period of rehabilitation ordered by the court, is rehabilitated, is no longer drug dependent or in danger of becoming drug dependent, and has completed all other conditions, the court shall dismiss the proceeding against him. Successful completion of a period of rehabilitation under this section shall be without adjudication of guilt and is not a criminal conviction for purposes of disqualifications or disabilities imposed by law and upon conviction of a crime, and the court may order the expungement of records in the manner provided in sections 2953.31 to 2953.36 of the Revised Code."

Pursuant to R.C. 2953.32(A)(1), a defendant must wait three years after final discharge of his conviction for a felony to move for sealing of his or her records. The state contends that the trial court erred because it granted Fortado's motion only approximately two months after the dismissal of the charges.

R.C. 2953.52(A)(1) provides:

"Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first."

The trial court found that Fortado fell within the purview of R.C. 2953.52(A)(1) because it had dismissed the indictments against him. We cannot say that the court erred in that decision. The three-year time limit applies in a situation where a conviction occurs. By definition, the present case does not contain a

conviction. Therefore, R.C. 2953.52(A)(1) would allow Fortado to file the motion at any time after the court's dismissal.

Accordingly, all of the appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment accordingly.*

BAIRD, P.J., concurs.

QUILLEN, J., dissents.

QUILLIN, Judge, dissenting.

When it comes to sealing criminal records, the legislature, in its wisdom, has determined to treat those who admit their guilt and request treatment in lieu of conviction differently from those who do not. There is simply no other reading of R.C. 2951.041(H). If R.C. 2951.041(H) doesn't apply in this case, it never applies in any case. And, if it never applies in any case, what is the purpose of the statute?