OPINION
{¶ 1} Defendant-Appellant appeals from the decision of the Montgomery County Area One District Court, which initiated proceedings to revoke Appellant's community control after the original term of community control had expired. *Page 2 
 I {¶ 2} On September 16, 2004, Appellant Andrew Adkins pled guilty to One Count of Tampering with a coin machine, a First degree misdemeanor, and One Count of Criminal damaging, a Second degree misdemeanor. Adkins was sentenced to sixty days in jail. The trial court credited Adkins with one day served, and suspended the balance of the prison term. He was placed on community control for six months from September 16, 2004. Thus, Adkins' term of community control was scheduled to terminate on March 16, 2005. The court also imposed a $300.00 fine, suspending all but $100.00.
 {¶ 3} On March 21, 2005, the community control officer filed a notice of revocation of Adkins' community control. Several revocation hearings were scheduled between May 2005 and September 2005, at which Adkins failed to appear. On October 1, 2005, Adkins' defense counsel moved to dismiss the proceedings because the term of Adkins' community control had expired before the notice of revocation had been filed. The trial court noted defense counsel's obj ections and directed defense counsel to file a written Motion to Dismiss and Memorandum of Law within ten days. However, a written Motion to Dismiss was not filed. Adkins' Motion to Dismiss made orally was denied, and the revocation hearing was reset.
 {¶ 4} On July 26, 2006, Adkins appeared for his revocation hearing and acknowledged his failure to report. As a result, the Trial Court imposed a jail term of twenty-six days, gave credit for twenty-six days served, and extended Adkins' community control term to five years.
 II {¶ 5} Adkins' first assignment of error is as follows: *Page 3 
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT INITIATED PROCEEDINGS TO REVOKE APPELLANT'S COMMUNITY CONTROL AFTER APPELLANT'S TERM OF COMMUNITY CONTROL HAD EXPIRED"
 {¶ 7} The Ohio Revised Code states that if an offender absconds from community control, "the period of community control sanction ceases to run until the offender is brought before the court for further action." O.R.C. ___ 2929.15(A)(1). However, it is clear that proceedings to revoke community control sanctions must be initiated prior to the expiration of the term of the community control. We have recently stated, consistent with other districts, that where the original period of community control expires before a motion seeking termination of community control is filed, the court does not have jurisdiction over the matter to impose a sentence. State v. Whitaker, Slip copy,2006 WL 522390 (Ohio App. 2 Dist), 2006-Ohio-998; see also State v.Simpson, 2 Ohio App.3d 40, 40 (1st Dist. App. 1981) ("Where no action is taken to institute a probation violation hearing during the original probation period, the sentencing court loses jurisdiction to impose the suspended sentence once the original probation period expires."); State v. Stollings, 2001 WL 501981 (Ohio App. 2 Dist. 2001); State v. Ogletree, 2001 WL 876212, * 2 (Ohio App. 8 Dist. 2001) ("Where a period of community control sanctions has ended, the trial court loses its jurisdiction to find that a defendant is in violation of terms thereof and to impose further terms."); State v.Lawless, 2004 WL 2260699 (Ohio App. 5 Dist. 2004). It is clear that the "extension of a sentence is tantamount to re-sentencing." State v.Ogletree, 2001 WL 876212, * 2 (Ohio App. 8 Dist. 2001).
 {¶ 8} The record clearly indicates that the trial court placed Adkins on community control for a period of six months beginning on September 16, 2004. The *Page 4 
term of six months necessarily expired no later than March 16, 2005. However, the notice of revocation of community control sanctions was not filed until March 21, 2005 — five days after the term of community control had expired. Because the original six-month term of community control had expired prior to the institution of revocation proceedings, the trial court lacked jurisdiction to extend the term of Adkins' community control. Thus, the trial court erred when it extended Adkins' term of community control through proceedings initiated after the expiration of the original term. Adkins' First Assignment of Error is sustained.
 III {¶ 9} Because we resolve this case on the issue of the expiration of community control sanctions, we find it unnecessary to address Adkins' second assignment of error.
 IV {¶ 10} Adkins' first assignment of error having been sustained, the judgment of the trial court extending the term of Adkins' community control is reversed and vacated.
 BROGAN, J. and GRADY, J., concur. *Page 1