OPINION
{¶ 1} D'Armane Shorter appeals from the April 4, 2007 "order of revocation" of the Montgomery County Area One District Court which stated that he had violated prior established conditions of community control. The court ordered that Shorter serve 60 days in jail, and it extended his probation by five years. *Page 2 
 {¶ 2} The record in this matter reflects that Shorter pled guilty to one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Two additional charges were dismissed. The trial court sentenced Shorter on November 10, 2004 to 120 days in jail, suspending 111 days and crediting two days as previously having been served. The court ordered that the remaining seven days be served on seven consecutive Sundays. In addition, the court sentenced Shorter to a fine of $600.00, suspending $300.00, and placed him on community control for a period of one year. As conditions of his community control, Shorter was ordered to participate in the Weekend Intervention Program (WIP) and have no alcohol related offenses for three years.
 {¶ 3} On December 15, 2004 and again on December 21, 2004, the Montgomery County Sheriffs Department informed the court that Shorter failed to appear on two separate occasions to fulfill his jail sentence. Thereafter, the court issued an amended sentencing entry on February 8, 2005 in which it re-scheduled four remaining days of jail time. This entry further ordered Shorter to pay a fine in the amount of $835.00, suspending $300.00. The court, however, made no indication regarding Shorter's prior community control sanction or the attached conditions.
 {¶ 4} Shorter's term of community control expired on November 9, 2005. On November 14, 2005, the Adult Probation Department filed a notice of revocation, alleging that Shorter had failed to report to probation, to attend two WIP meetings, and to pay fines and costs. The court scheduled several revocation hearings between January 2006 and June 2006, but Shorter failed to appear. On June 14, *Page 3 
2006, Shorter filed a notice of appearance, not guilty plea, request for pretrial, bill of particulars, discovery request and time waiver. At that time, Shorter's counsel moved the court to continue the previously scheduled revocation hearing.
 {¶ 5} On August 2, 2006, Shorter attended his revocation hearing and admitted violating his community control. Consequently, the court issued an order of revocation, imposing three additional days in jail and extending Shorter's probation by five years.
 {¶ 6} Subsequently, Shorter failed to appear at the three scheduled jail times in August 2006. As a result, the court initiated further revocation proceedings. As before, Shorter missed several revocation hearings. Following his arrest in April 2007, the court again found Shorter in violation of the terms of his community control. It ordered that he serve 60 days in jail and extended his probation by five years.
 {¶ 7} Shorter's attorney filed a writ of habeas corpus in the Montgomery County Court of Common Pleas on April 19, 2007, only to voluntarily withdraw the writ upon learning that Shorter had been released on the same day by the sentencing judge. Thereafter, Shorter filed a notice of appeal with this Court, assigning the following errors for our review:
 I. "THE TRIAL COURT ERRED WHEN IT INITIATED PROCEEDINGS TO REVOKE APPELLANT'S COMMUNITY CONTROL AFTER APPELLANT'S TERM OF COMMUNITY CONTROL HAD EXPIRED."
 II. "THE TRIAL COURT ERRED WHEN IT EXTENDED *Page 4 
APPELLANT'S TERM OF COMMUNITY CONTROL WITHOUT FIRST HAVING PROVIDED THE MANDATORY WARNINGS OF R.C. 2929.25(A)(3)(a)."
 III. "THE TRIAL COURT ERRED WHEN IT CONTINUED APPELLANT'S TERM OF COMMUNITY CONTROL AFTER THE COURT HAD FOUND APPELLANT IN VIOLATION OF COMMUNITY CONTROL AND HAD IMPOSED A JAIL SENTENCE."[1]
 {¶ 8} Upon review, we conclude that the trial court erred in extending Shorter's period of community control and imposing a jail sentence through proceedings initiated after the expiration of the original term of community control. Thus, the judgment of the trial court will be reversed, and the cause will be remanded for further proceedings consistent with this opinion.
 I. {¶ 9} In his first assignment of error, Shorter contends that the trial court lacked the authority to initiate revocation proceedings by issuing a notice of revocation after his one-year term of community control had expired. Shorter further claims that the court erred in subsequently extending his community control to five years.
 {¶ 10} This Court has consistently held that a trial court has no jurisdiction to impose sentence once the original period of community control expires, when no *Page 5 
action was taken to institute or prosecute a violation hearing during the period of community control. See State v. Whitaker, Montgomery App. Nos. 21003, 21034, 2006-Ohio-998, at ¶ 17. See, also, State v.Adkins, Montgomery App. No. 21810, 2007-Ohio-4886, at ¶ 7 ("[I]t is clear that proceedings to revoke community control sanctions must be initiated prior to the expiration of the terms of community control). Such ruling is founded in the Ohio Revised Code. See R.C. 2951.07 ("A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended"); R.C.2929.25(B)(1) ("The sentencing court retains jurisdiction over any offender whom it sentences for the duration of the sanction or sanctions imposed").
 {¶ 11} Here, the trial court initially placed Shorter on community control for a period of one year beginning on November 10, 2004. Accordingly, Shorter's term necessarily expired no later than November 10, 2005, as there was no proper extension of his community control period within that time frame. The court, however, filed the notice of revocation of community control sanctions on November 14, 2005 — approximately four days after Shorter's duration of community control had terminated. As we found in Adkins, because the original one-year term of community control had expired prior to the institution of revocation proceedings, the trial court lacked jurisdiction on August 2, 2006 to extend Shorter's period of community control by five years and impose a three-day jail term. The court's improper extension of its jurisdiction in this instance likewise impacts its April 4, 2007 order of revocation, in which it imposed an additional jail term of 60 days and further extended Shorter's *Page 6 
community control by five years.
 {¶ 12} Accordingly, we find that the trial court erred when it extended Shorter's period of community control and imposed a jail sentence on August 2, 2006 through proceedings initiated after the expiration of the original term of community control. Shorter's first assignment of error is sustained.
 II. {¶ 13} Shorter's second and third assignments of error are as follows:
 {¶ 14} "THE TRIAL COURT ERRED WHEN IT EXTENDED APPELLANT'S TERM OF COMMUNITY CONTROL WITHOUT FIRST HAVING PROVIDED THE MANDATORY WARNINGS OF R.C. 2929.25(A)(3)(a)."
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT CONTINUED APPELLANT'S TERM OF COMMUNITY CONTROL AFTER THE COURT HAD FOUND APPELLANT IN VIOLATION OF COMMUNITY CONTROL AND HAD IMPOSED A JAIL SENTENCE."
 {¶ 16} In light of our disposition of Shorter's first assignment of error, we overrule the second and third assignments of error as moot.
 III. {¶ 17} Shorter's first assignment of error having been sustained, the order of the trial court extending the appellant's term of community control and sentencing him to jail is reversed, and this matter is remanded for further proceedings consistent with this opinion. *Page 7 
DONOVAN, J., and VALEN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, (sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to: Raymond J. Dundes Glen H. Dewar Hon. James L. Manning
[1] The State has declined to file a responsive brief in this matter. *Page 1