[Cite as *State v. Mills*, 2011-Ohio-377.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 10CA3144 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| GREGORY S. MILLS, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | File-stamped date: 1-6-11 |

_____

<u>APPEARANCES:</u>

Gregory S. Mills, pro se, for Appellant.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

Kline, J.:

{¶1}   Gregory S. Mills (hereinafter "Mills"), appeals the judgment of the Ross County Court of Common Pleas, which denied his application to seal criminal records. On appeal, Mills contends that the trial court erred in denying his application. Because Mills has just one conviction, and thus qualifies as a first offender, we agree. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

I.

{¶2}   In 2002, Mills was indicted for theft of drugs, a fourth-degree felony, in violation of R.C. 2913.02(B)(1)(6).  Eventually, Mills pled guilty to theft of drugs, and, pursuant to R.C. 2951.041, the trial court placed him in an intervention-in-lieu-of-

conviction program. After Mills successfully completed the program, the trial court dismissed the case against him.

{¶3}　On September 10, 2009, Mills filed an application to seal the criminal records related to his theft-of-drugs charge. After a hearing, the trial court found the following: "Ohio Revised Code Section[s] 2953.31 to 2953.36 refer to sealing of records of convictions and are only available to a first offender as that term is defined in [R.C.] 2953.31(A). The problem in this case is that the defendant's records indicate that he had an OMVI alcohol and/or drug conviction on April 7, 1997 in the Franklin County Municipal Court. Such a conviction would mean that the defendant is not a first offender as to his theft of drugs offense pursuant to Ohio Revised Code Section 2953.31(A) and thus he is ineligible for the sealing of his records. * * * Thus the court finds that the defendant is not eligible to have the record in this matter sealed and the application is denied." Entry at 3.[1]

{¶4}　Mills appeals and asserts the following assignment of error: "The trial court erred to the prejudice of Defendant-Appellant in failing to liberally construe Appellant[']s pro se motion to seal his records and denying the same."

II.

{¶5}　In his sole assignment of error, Mills contends that the trial court should have granted the application to seal his theft-of-drugs criminal records. Mills essentially argues that the trial court should have considered his application under R.C. 2953.52, the application-to-have-records-sealed statute. Because R.C. 2951.041(E) expressly

---

[1] The trial court also noted the following: "If the court were to consider this case pursuant to Ohio Revised Code Section 2953.52 [the application-to-have-records-sealed statute], the court would readily grant the application for sealing of records." Entry at 2. As the trial court judge said, "I guarantee it won't break my heart if I get reversed." Motion to Seal Records Transcript at 9.

states that R.C. 2953.31-36 applies to individuals who have completed an intervention-in-lieu-of-conviction program, we disagree with Mills's essential argument. Nevertheless, after liberally construing Mills's assignment of error, we will determine whether the trial court erred in denying Mills's application under R.C. 2953.31-36. See, generally, *Stella v. Platz* (June 17, 1999), Washington App. No. 98CA18 ("[T]o decide cases on their merits and further the interest of justice, we must give *pro se* litigants wide latitude.").

{¶6} In the proceedings below, the trial court denied Mills's application because only first offenders may have their records sealed under R.C. 2953.31-36. Therefore, to resolve Mills's appeal, we must determine whether Mills qualifies as a first offender. "The determination of [Mills's] status as a first-time offender * * * is a question of law subject to an independent review by this court without deference to the trial court's decision." *State v. Derugen* (1996), 110 Ohio App.3d 408, 410. Additionally, the present case requires us to interpret and apply various sections of the Ohio Revised Code. "'When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination.'" *Roberts v. Bolin*, Athens App. No. 09CA44, 2010-Ohio-3783, at ¶20, quoting *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506.

{¶7} The following statutes are relevant to the present case. First, R.C. 2951.041(E) addresses how those who have completed an intervention-in-lieu-of-conviction program may have their records sealed. This statute provides that "the court may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code." R.C. 2951.041(E).

Next, R.C. 2953.32(A)(1) specifies that *only* first offenders may have their records sealed. This statute provides that "a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record." R.C. 2953.32(A)(1). And finally, R.C. 2953.31(A) defines a "first offender" as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."

**{¶8}** The trial court found that Mills is not a first offender because of a prior conviction. Because we may take judicial notice of findings and judgments as rendered in other Ohio cases, we agree that Mills has a prior conviction for OMVI. See, e.g., *In re N.G.*, Lawrence App. No. 09CA15, 2009-Ohio-4915, at ¶14 (taking judicial notice of a judgment rendered in the Lawrence County Court of Common Pleas) (citations omitted). Here, the record lacks specific evidence related to Mills's OMVI conviction. But a search of the Franklin County Municipal Court's website shows that, on April 7, 1997, in case number 1997 TR C 112733, Mills was convicted of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). Nevertheless, as it relates to the present case, having a prior OMVI conviction does not necessarily determine Mills's status under R.C. 2953.31(A).

**{¶9}** Here, Mills has just *one* conviction: OMVI. He does not have a conviction for theft of drugs because "successful completion of the [treatment-in-lieu-of-conviction program] shall be without adjudication of guilt and is *not a criminal conviction* for purposes of any disqualification or disability imposed by law and upon conviction of a

crime[.]" R.C. 2951.041(E) (emphasis added). Therefore, because Mills has just one conviction, we believe that he qualifies as a first offender under R.C. 2953.31(A).

{¶10} Admittedly, we are somewhat uncomfortable with our resolution of this case. As the facts here demonstrate, the process for sealing criminal records does not always fit neatly with the treatment-in-lieu-of-conviction statute. For example, R.C. 2953.32(A)(1) expressly provides for the sealing of "conviction record[s]," but there is *no* conviction under R.C. 2951.041(E). Therefore, we find an inherent contradiction between the two statutes. Furthermore, it is relevant that "[s]ections 2953.31 to 2953.35 of the Revised Code do not apply to * * * [c]onvictions under section * * * 4511." R.C. 2953.36(B). If we interpreted this language broadly enough, we could find that Mills's theft-of-drugs records may not be sealed because his first-offender status is the result of an OMVI conviction under R.C. 4511.19(A)(1). We choose, however, to interpret this language in Mills's favor and find that the exclusionary language applies to the offense to be sealed (theft of drugs), *not* the offense that qualifies Mills as a first offender (OMVI). Basically, we have interpreted any inherent ambiguities in Mills's favor because we "must liberally construe [R.C. 2953.31-36] so as to promote the legislative purpose of allowing expungements." *State v. Hilbert* (2001), 145 Ohio App.3d 824, 827. See, also, *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 1999-Ohio-213 ("[T]he remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes.").

{¶11} Accordingly, we sustain Mills's first assignment of error and find that he is a first offender under R.C. 2953.31(A). Therefore, we find that Mills is eligible to have his theft-of-drugs records sealed in the manner provided in sections 2953.31 to 2953.36

of the Revised Code, and we remand this cause to the trial court for further proceedings

consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


McFarland, P.J. and Harsha, J.:  Concur in Judgment Only.



For the Court


BY:_____
     Roger L. Kline, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**