THE STATE OF OHIO, APPELLEE, *v.* NIESEN-PENNYCUFF, APPELLANT.

[Cite as *State v. Niesen-Pennycuff,* 132 Ohio St.3d 416, 2012-Ohio-2730.]

*Criminal law—Intervention in lieu of conviction—R.C. 2951.041—Trial court has discretion to employ R.C. 2953.52(A)(1) and determine that defendant may have record sealed immediately upon successful completion of intervention program.*

(No. 2011-1070—Submitted February 8, 2012—Decided June 21, 2012.)

APPEAL from the Court of Appeals for Warren County,

No. CA2010-11-112, 2011-Ohio-2704.

_____

SYLLABUS OF THE COURT

When a defendant who has successfully completed a program of intervention in lieu of conviction moves for an order sealing his or her record under R.C. 2951.041(E), the trial court has discretion either to grant the motion immediately under R.C. 2953.52(A)(1) or to impose the waiting period set forth in R.C. 2953.32(A)(1). (R.C. 2951.041(E), construed.)

_____

LUNDBERG STRATTON, J.

{¶ 1} Today we are called upon to interpret R.C. 2951.041(E), a provision of the statute governing intervention in lieu of conviction ("ILC"). Specifically, we are asked to establish the scope of a trial court's discretion to seal the record of a defendant who has successfully completed the ILC program. For the reasons that follow, we hold that a trial court has discretion to determine that successful completion of the ILC program entitles the defendant to immediate sealing of his or her record under R.C. 2953.52(A)(1) or to impose the waiting

period set forth in R.C. 2953.32(A)(1). Therefore, we reverse the judgment of the court of appeals and remand the matter to the trial court.

**Facts and Procedural History**

{¶ 2} On April 21, 2009, appellant, Regina Niesen-Pennycuff, was indicted on 12 counts of deception to obtain a dangerous drug, in violation of R.C. 2925.22(A), felonies of the fifth degree. Niesen-Pennycuff initially pled not guilty, but later moved for ILC pursuant to R.C. 2951.041. The trial court found that she was eligible for intervention and ordered an intervention plan. As required by the ILC statute, Niesen-Pennycuff retracted her initial plea, pled guilty to the charges, pending successful completion of her intervention program, and was placed on community control for three years.

{¶ 3} On August 24, 2010, the court filed a termination entry in which it recognized Niesen-Pennycuff's successful completion of the intervention program and thereby dismissed the 12 pending charges against her. On September 23, 2010, Niesen-Pennycuff filed an application for sealing of her record after dismissal of the proceedings. The state opposed the application and argued that Niesen-Pennycuff was ineligible to have her record sealed until three years after the dismissal of the charges against her, or August 24, 2013. The trial court agreed and denied Niesen-Pennycuff's application, but invited her to reapply in 2013.

{¶ 4} Niesen-Pennycuff appealed, and the Warren County Court of Appeals affirmed the judgment of the trial court but sua sponte certified its decision as in conflict with the Ninth District Court of Appeals' decision in *State v. Fortado*, 108 Ohio App.3d 706, 671 N.E.2d 622 (9th Dist.1996). *State v. Niesen-Pennycuff*, 12th Dist. No. CA2010-11-112, 2011-Ohio-2704.

{¶ 5} Niesen-Pennycuff filed a notice of certification of conflict, and this court granted discretionary review and certified a conflict on the following issue:

2

Must a trial court order the sealing of records in the manner provided in R.C. 2953.32, which requires a one-year waiting period for misdemeanors and a three-year waiting period for felonies, or may the trial court employ R.C. 2953.52(A)(1) and determine that a defendant who has successfully completed the intervention in lieu of conviction program is eligible to have their record sealed immediately upon successful completion of the program?

*State v. Niesen-Pennycuff*, 129 Ohio St.3d 1473, 2011-Ohio-4751, 953 N.E.2d 840.

## Law and Analysis

**{¶ 6}** Intervention in lieu of conviction is established in R.C. 2951.041, and pursuant to R.C. 2951.041(A)(1),

If an offender is charged with a criminal offense * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged * * *, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction.

**{¶ 7}** As we held in *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282,

ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol

usage was a factor leading to the offense.  R.C. 2951.041(A)(1).
* * *

> "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674.  * * * [For that reason,] ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction.  *State v. Ingram*, Cuyahoga App. No. 84925, 2005-Ohio-1967, 2005 WL 977820, ¶ 13.

*Id.* at ¶ 9-10.

{¶ 8}  The section of the ILC statute that deals with the sealing of records, R.C. 2951.041(E), provides:

> If the court grants an offender's request for intervention in lieu of conviction and the court finds that the offender has successfully completed the intervention plan for the offender, * * * the court shall dismiss the proceedings against the offender. Successful completion of the intervention plan and period of abstinence under this section shall be without adjudication of guilt and is not a criminal conviction for purposes of any disqualification or disability imposed by law and upon conviction of a crime, and the court may order the sealing of records related to

4

the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code.

{¶ 9} The state argues that the statute's reference to R.C. 2953.31 to 2953.36 means that the sealing of records in ILC is governed by R.C. 2953.32(A)(1), which requires a three-year waiting period before a defendant may move for an order sealing the record. However, R.C. 2953.31 to 2953.36 govern the sealing of an individual's record following the *conviction of a crime*. *See, e.g.,* R.C. 2953.32(A)(1) ("a first offender may apply to the sentencing court if convicted * * * for the sealing of the conviction record"). That subsection further provides that "[a]pplication may be made at the expiration of three years after the offender's final discharge *if convicted of a felony,* or at the expiration of one year after the offender's final discharge *if convicted of a misdemeanor*." (Emphasis added.) But in an ILC case, an offender who has successfully completed ILC has *no conviction*.

{¶ 10} Niesen-Pennycuff urges us to refer instead to R.C. 2953.52, which governs the sealing of a record after the dismissal of a case. Under that statute, any person who is found not guilty of an offense or whose complaint, indictment, or information was dismissed may apply for an order to seal related records any time after the not-guilty finding or dismissal is entered. R.C. 2953.52(A)(1).

{¶ 11} Thus, whether Niesen-Pennycuff is eligible to have her record sealed immediately or whether she has to wait for the period specified in R.C. 2953.52 depends on the meaning of the phrase in R.C. 2951.041(E) that the court "may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code."

{¶ 12} In this case, the trial court denied Niesen-Pennycuff's application for sealing of her record after dismissal of the proceedings, but invited her to reapply in 2013, when the trial court thought she would be eligible. The court of

appeals affirmed the judgment of the trial court, holding that the language of R.C. 2951.041(E) requires a court to follow the provisions in R.C. 2953.31 through 2953.36 rather than R.C. 2953.52(A)(1). The court of appeals also sua sponte certified a conflict between its holding in this case and the holding of the Ninth District Court of Appeals in *Fortado*, 108 Ohio App.3d 706, 671 N.E.2d 622.

{¶ 13} We disagree with the approach taken by the appellate court below as well as the approach taken in *Fortado* and instead hold that (1) R.C. 2951.041(E)'s use of the phrase "in the manner provided in" R.C. 2953.31 to 2953.36 does not connote a legislative intent that the court must comply with those statutes and (2) the use of the word "may" in R.C. 2951.041(E) allows trial courts the discretion to apply—or not apply—the statutes from R.C. Chapter 2953.

{¶ 14} The Twelfth District below took the approach that under the plain language of R.C. 2951.041(E), R.C. 2953.31 to 2953.36 govern the sealing of the defendant's record after his or her case is dismissed following successful completion of ILC. Thus, under R.C. 2953.32(A)(1), Niesen-Pennycuff must wait three years before applying for the sealing of her records. But this approach thwarts the legislative intent behind ILC. As we have said, R.C. 2951.041 was designed to eliminate punishment by offering first-time offenders an opportunity to receive help for their dependence without the ramifications of a felony conviction. *Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 10.

{¶ 15} It is unreasonable, therefore, to view R.C. 2951.041(E)'s reference to R.C. 2953.31 to 2953.36 as imposing a requirement that ILC defendants must carry a criminal record for three years after the charges have been dismissed due to successful completion of the ILC program.

{¶ 16} In the conflict case, *State v. Fortado*, 108 Ohio App.3d 706, 671 N.E.2d 622, the defendant successfully completed ILC, and the trial court

dismissed the charges. The defendant then moved the court for an order sealing the record pursuant to R.C. 2953.52(A)(1) rather than R.C. 2951.041(E). The court granted the motion. The state appealed, arguing that R.C. 2953.32(A)(1) requires a defendant to wait three years before requesting that his records be sealed.

**{¶ 17}** The *Fortado* court held that the trial court had not erred in granting the motion before three years had passed, because the indictments had been dismissed, and R.C. 2953.52(A)(1) applies generally to dismissals. The court quoted R.C. 2951.041 but did not apply it or comment on it.

**{¶ 18}** We are persuaded by the rationale advanced in *State v. Smith*, 3d Dist. No. 9-04-05, 2004-Ohio-6668. Although the issue in *Smith* is somewhat different from the issue here, the analysis contains certain insights that we find relevant. In upholding the trial court's sua sponte order relating to the records of the dismissed charges, the court noted that based on R.C. 2951.041(E),

> the trial court has the authority to seal the record of an offender who has successfully completed an intervention program and against whom proceedings have been dismissed. Based on the language of R.C. 2951.041(E) that the court may order the records sealed in the "manner provided" by the expungement statutes, * * * we find that the legislature intended the trial court to have the authority to order the records sealed even without an application by the offender.

*Id.* at ¶ 22.

**{¶ 19}** We believe that the *Smith* court's observation about the language of R.C. 2951.041(E) is correct. R.C. 2951.041(E) employs the unusual phrase "in the manner provided in" rather than "pursuant to." According to Black's Law

Dictionary, "pursuant to" means "[i]n compliance with; in accordance with; * * * [a]s authorized by; under." *Black's Law Dictionary* 1356 (9th Ed.2009). "In the manner provided in" does not connote such rigid compliance. "Manner" is defined as "the mode or method in which something is done or happens: a mode of procedure or way of acting." *Webster's Third New International Dictionary* 1376 (1986).

{¶ 20} We conclude that R.C. 2951.041(E)'s use of the phrase "in the manner provided in" signifies that R.C. 2951.041(E) was not intended to impose on ILC defendants all the requirements and limitations of R.C. 2953.31 to 2953.36. The phrase "in the manner provided in" is less prescriptive and more in the nature of guidance than a command. It connotes only the "mode or method," i.e., the general procedure provided in those statutes.

{¶ 21} Thus, R.C. 2951.041(E)'s reference to R.C. 2953.31 to 2953.36 is meant to incorporate the general procedures for filing an application to seal. It is not meant to impose on all ILC defendants the requirements and limitations imposed by those statutes on convicted persons. For example, a court in an ILC case may be guided by the procedures set out in R.C. 2953.32, such as the procedures for setting a hearing, notifying the prosecutor, making the findings described in subdivision (C)(1), determining forfeiture of bail, determining whether criminal proceedings are pending against the applicant, etc.

{¶ 22} In sum, trial courts may refer to R.C. 2953.31 to 2953.36 for guidance in matters of procedure but are not bound to follow those provisions. Thus, a trial court may be guided by R.C. 2953.32(A)(1) and, in its discretion, impose a waiting period before granting a motion to seal under R.C. 2951.041(E). This reading further comports with the use of the permissive word "may" in R.C. 2951.041(E): "the court may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code." Had the legislature intended to impose the requirements and limitations of

those statutes on every ILC defendant, it would have used the word "shall." Finally, this reading is in line with the remedial purpose of ILC without rendering the phrase "in the manner provided in" superfluous or meaningless.

{¶ 23} As the Fourth District noted in *State v. Mills*, 4th Dist. No. 10CA3144, 2011-Ohio-377, "the process for sealing criminal records does not always fit neatly within the treatment-in-lieu-of-conviction statute." *Id.* at ¶ 10. The court went on to note that it had interpreted any inherent ambiguities in the defendant's favor because we " 'must liberally construe [R.C. 2953.31-36] so as to promote the legislative purpose of allowing expungements.' " (Brackets sic.) *Id.,* quoting *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). We agree. Thus, we conclude that the trial court has discretion to seal the record of a case that was dismissed following successful completion of ILC without a waiting period.

### Conclusion

{¶ 24} Treating all ILC defendants as though they have been convicted of a crime when their charges have been dismissed pursuant to a program designed to avoid the very ramifications of a conviction would run counter to the purpose of ILC. Accordingly, we hold that when a defendant who has successfully completed a program of intervention in lieu of conviction moves for an order sealing his or her record under R.C. 2951.041(E), the trial court has discretion either to grant the motion immediately under R.C. 2953.52(A)(1) or to impose the waiting period set forth in R.C. 2953.32(A)(1).

{¶ 25} Therefore, we reverse the judgment of the court of appeals and remand the cause to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

**O'DONNELL, J., concurring.**

{¶ 26} I concur in the majority's holding that R.C. 2951.041(E) confers discretion upon courts to seal the records of defendants who successfully complete intervention in lieu of conviction, permitting those courts to decide whether to impose the restrictions and limitations contained in R.C. 2953.31 through 2953.36.

{¶ 27} I further agree that defendants can apply for the sealing of records pursuant to R.C. 2951.041(E) once the trial court journalizes an entry that dismisses the pending charges and terminates the case.

{¶ 28} I concur in the majority's judgment and write separately only to reinforce the majority's determination that a conviction is required to trigger the application of R.C. 2953.31 through 2953.36.

{¶ 29} Intervention in lieu of conviction provides first offenders with the opportunity to obtain treatment for chemical dependency without any criminal sanction and shows that the General Assembly recognizes that treatment can be " 'more beneficial to the individual and the community as a whole' " because it treats " 'the cause rather than punish[es] the crime.' " *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000).

{¶ 30} Dispositive of the issue presented in this appeal is the language of R.C. 2951.041(E):

> Successful completion of the intervention plan and period of abstinence under this section shall be without adjudication of guilt and *is not a criminal conviction* for purposes of any disqualification or disability imposed by law and upon conviction

of a crime, and the court may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code.

(Emphasis added.)

{¶ 31} R.C. 2953.31 through 2953.36 relate to sealing a record of conviction. R.C. 2953.32 sets forth the method by which a trial court may seal the record of conviction for an individual who is a "first offender," which R.C. 2953.31(A) defines as one "who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Applications to seal records pursuant to R.C. 2953.32 are subject to a prescribed waiting period. R.C. 2953.52(A)(1) governs the sealing of records following a finding of not guilty or the dismissal of a complaint, indictment, or information and imposes no waiting period.

{¶ 32} By its express terms, R.C. 2953.32 applies only to those individuals who have been *convicted* of a criminal offense. The purpose of successful completion of an intervention plan is to avoid conviction; the pending charges are dismissed and the matter is adjudicated without a finding of guilt. In my view, because the successful completion of an intervention plan prevents a criminal conviction, R.C. 2953.32 does not apply to the sealing of those records.

{¶ 33} The reference in R.C. 2951.041(E) to R.C. 2953.31 through 2953.36 indicates that the General Assembly intended for courts to have discretion in sealing the records of an individual who successfully completes an intervention plan: a court may do so according to the manner provided in either R.C. 2953.32, by imposing a waiting period before a defendant may move for an order to seal, or R.C. 2953.52, by allowing a defendant to apply for an order to seal at any time after dismissal. But the court is not required to impose R.C.

2953.32's waiting period, because there has been no conviction. This construction gives effect to the intent of the legislature, while a contrary determination thwarts the very purposes for which the legislature created intervention in lieu of conviction.

**{¶ 34}** Accordingly, the trial court had no duty to follow R.C. 2953.32 in sealing the records of Niesen-Pennycuff because R.C. 2951.041(E) did not mandate sealing pursuant to that statute and because she did not have a conviction that otherwise triggered R.C. 2953.32.

**{¶ 35}** For these reasons, I concur in the judgment reversing the court of appeals.

_____

David P. Fornshell, Warren County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Rittgers & Rittgers and Nicholas D. Graman, for appellant.

_____