[Cite as *State v. Wells*, 2020-Ohio-4331.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-671 |
| | : | |
| LISA M. WELLS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of September, 2020.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

H. LOUIS SIRKIN, 600 Vine Street, Suite 2700, Cincinnati, Ohio 45202
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Lisa M. Wells appeals from the trial court's amended judgment entry revoking intervention in lieu of conviction (ILC), finding her guilty on four counts of aggravated drug possession, and sentencing her to three years of community control.

{¶ 2} In her sole assignment of error, Wells contends the trial court erred in revoking her ILC. She advances three related arguments in support. First, she claims the trial court lacked subject matter jurisdiction to issue a sua sponte show-cause order regarding an ILC violation and subsequently to enter findings of guilt after the ILC period had expired. Second, she asserts that the trial court violated her due process rights by issuing the show-cause order and finding her guilty after expiration of the ILC period. Third, she maintains that the trial court's show-cause order and finding of guilt after expiration of the ILC period constituted a double-jeopardy violation.

{¶ 3} The record reflects that Wells was indicted on four counts of aggravated drug possession (felonies of the fifth degree) and a misdemeanor charge of operating a vehicle under the influence of alcohol. Wells pled guilty to the OVI charge, and the trial court sentenced her accordingly. On the felony drug charges, the trial court granted a motion for ILC. As part of the ILC process, Wells pled guilty to the charges. The trial court held the guilty plea in abeyance and ordered the felony charges to remain pending while Wells completed the terms of her ILC. In accordance with the trial court's April 17, 2017 entry, those terms included a two-year period of rehabilitation during which Wells was required to comply with various conditions of supervision.

{¶ 4} Just over two years later, on April 22, 2019, the trial court filed a show-cause order directing Wells to appear for a hearing regarding the potential revocation of ILC for

failure to satisfy a condition obligating her to "provide reports of compliance" with the OLAP program. On June 21, 2019, the trial court filed a formal notice of violation and set a hearing date. On August 2, 2019, Wells moved to vacate the show-cause order and to dismiss the charges. She argued that her ILC had terminated by its own terms no later than April 17, 2019, which was before the trial court filed its show-cause order.

{¶ 5} Thereafter, during an August 27, 2019 hearing, Wells and the State agreed to resolve the matter by extending her ILC for six months beginning that day. (August 27, 1019 Hearing Tr. at 2-3.) Wells also agreed to enroll in the OLAP program, to provide proof of enrollment, and to participate in the program. (*Id.* at 3.) The trial court noted that its notice of ILC revocation would remain pending until Wells completed the extended ILC and satisfied the agreed terms. (*Id.*) In light of the parties' agreement, the trial court declared moot Wells' August 2, 2019 motion to vacate the show-cause order and to dismiss the charges. (September 4, 2019 Entry at 1.)

{¶ 6} One day after the hearing addressing the extension of Wells' ILC, the trial court filed a violation notice and set a hearing to determine whether Wells had violated her conditions of supervision by testing positive for cocaine, marijuana, and oxycodone. Another violation notice was filed on October 21, 2019, alleging additional violations between August 27, 2019 and October 18, 2019.

{¶ 7} The alleged violations proceeded to a November 7, 2019 ILC revocation and sentencing hearing. During the hearing, Wells entered admissions to the three violation notifications involving OLAP compliance, positive drug screens, and several other matters. (November 7, 2019 Tr. at 49-50.) The trial court accepted the admissions, revoked ILC, and found Wells guilty of the original drug charges. (*Id.* at 55.) It then

imposed three years of community control. (*Id.* at 71.) The trial court journalized the revocation, finding of guilt, and sentence in a November 21, 2019 entry. On November 26, 2019, the trial court filed an amended entry in which it again journalized the revocation, finding of guilt, and sentence. Wells filed a notice of appeal on December 26, 2019 from the amended judgment entry.[1]

{¶ 8} Each of Wells' three arguments on appeal challenges the trial court's ability to enter guilty verdicts on the felony drug charges after her initial, two-year term of ILC supervision had expired. As noted above, Wells asserts that she began her two years of ILC no later than April 17, 2017, when the trial court journalized its entry granting ILC. That being so, Wells reasons that her two-year term of supervision expired no later than April 17, 2019. According to Wells, the expiration of her ILC term on April 17, 2019 deprived the trial court of jurisdiction to do anything other than dismiss the felony indictment against her. Specifically, Wells argues that the expiration of her two-year ILC term deprived the trial court of jurisdiction to issue show-cause orders regarding violations, to continue or extend her ILC term, and to enter findings of guilt on the underlying drug charges.

---

[1] On appeal, the State contends Wells' notice of appeal was untimely. The State asserts that she was required to appeal within 30 days of the trial court's November 21, 2019 judgment entry, not the amended November 26, 2019 judgment entry. In support, the State claims the amended entry made a non-substantive change by referring to the "Adult Probation Department" instead of the "Adult Parole Authority." Therefore, the State argues that the November 21, 2019 judgment entry was the relevant appealable order. As Wells correctly notes, however, the amended November 26, 2019 judgment entry also modified the costs assessed and the corresponding monetary judgment against her. Regardless, Wells' argument on appeal is that the trial court lacked subject-matter jurisdiction to enter guilty verdicts on the felony drug charges and sentence her to community control. It is axiomatic that a judgment entered without jurisdiction is void ab initio. Therefore, we will proceed to the merits of Wells' appeal.

**{¶ 9}** Upon review, we reject Wells' argument that the trial court was required to dismiss her indictment after April 17, 2019. Prior to placing Wells on ILC, the trial court accepted a guilty plea to the drug charges against her. Under R.C. 2951.041, the plea was held in abeyance and the indictment and criminal proceedings were stayed while Wells attempted to complete an intervention plan under the control and supervision of the probation department or similar agency. *State v. Lageson*, 12th Dist. Warren No. CA2018-05-054, 2019-Ohio-919, ¶ 13, citing R.C. 2951.041(C) and (D). In order to terminate the case, the trial court ultimately was required to find (1) that Wells successfully completed an intervention plan, resulting in dismissal of the felony charges, or (2) that Wells failed to complete the plan, resulting in the entry of a finding of guilt on Wells' guilty plea. R.C. 2951.01(E) and (F).

**{¶ 10}** Here the trial court journalized an April 17, 2017 entry granting Wells ILC and subjecting her to the terms of an intervention plan for a two-year term. Five days after that two-year term expired, on April 22, 2019, the trial court filed a show-cause order suggesting that Wells had violated the conditions of her ILC by failing to provide reports of compliance with the OLAP program. At the time of that show-cause order, the trial court had not yet terminated the case by making a finding that Wells had or had not successfully completed the intervention plan. Therefore, as of April 22, 2019, the indictment and criminal proceedings against Wells remained pending.

**{¶ 11}** We note too that Wells' alleged violation of the OLAP requirements occurred *within* the two-year term during which her conduct was governed by an ILC plan. This is indicated by a June 21, 2019 "Common Pleas Court Adult Probation Department Notice of Community Control Violation Hearing and Charges." That filing specified that Wells had

violated ILC rule number eight on or after March 26, 2019 by failing to provide proof of compliance with OLAP. In addition, during a November 7, 2019 hearing, Adult Parole Authority employee Chris Merrell testified that Wells' failure to demonstrate compliance with OLAP occurred in March 2019. (*See* November 7, 2019 Hearing Tr. at 7.) On appeal, Wells has not even suggested that her conduct underlying the initial ILC revocation proceeding did not occur within the two-year period of ILC control.

{¶ 12} Under these circumstances, we see no basis for finding that the trial court lacked jurisdiction to do anything but dismiss Wells' indictment after April 17, 2019. When the trial court filed its initial show-cause order on April 22, 2019 and when the Adult Probation Department pursued the related "Notice of Community Control Violation Hearing and Charges" filed on June 21, 2019, the trial court still possessed jurisdiction over the criminal case against Wells, which remained pending. Moreover, although the two-year ILC term governing Wells' conduct had expired by the time of the trial court's show-cause order, the alleged conduct at issue had occurred during the two-year ILC term. That being so, we see no reason why the trial court could not rely on conduct that occurred as early as March 26, 2019 to make a finding after April 22, 2019 that Wells had violated the terms of her ILC and to enter a finding of guilt on the underlying drug charges.

{¶ 13} Because the trial court did not lose jurisdiction over Wells' criminal case on April 17, 2019, we also see no reason why Wells and the State could not agree, as they did, to continue Wells on another six months of ILC beginning on August 27, 2019. And because Wells ultimately admitted the original OLAP violation as well as other violations during this six-month term, the trial court did not err in revoking ILC, finding her guilty on four counts of aggravated drug possession, and sentencing her to three years of

community control.

{¶ 14} In opposition to the foregoing reasoning, Wells cites R.C. 2951.041(D), which provides that the court shall place an offender on ILC "under the general control and supervision of the county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists, *as if the offender was subject to a community control sanction*[.]" (Emphasis added.) Wells contends this means that ILC is analogous to community control. She notes that a failure to commence revocation proceedings during a defendant's period of community control divests a trial court of jurisdiction to revoke community control and impose a sentence after it has expired. *See State v. Adkins*, 2d Dist. Montgomery No. 21810, 2007-Ohio-4886, ¶ 7. Wells reasons that the same rule applies to ILC revocation proceedings by analogy.

{¶ 15} We find Wells' argument to be unconvincing. The fact that ILC may be analogous to community control for purposes of how an offender is supervised does not mean that ILC and community control are analogous in all respects. One significant distinction is that a community control sanction is a sentence imposed in a final judgment terminating a criminal case and disposing of an indictment. It follows that once a defendant has completed his community control sentence, nothing remains and a trial court lacks jurisdiction to attempt to modify or revoke the sentence. But granting an offender ILC does not terminate the criminal case or dispose of the indictment, which remains pending. In order to terminate the case, the trial court ultimately must determine whether the offender satisfied the conditions of ILC and either dismiss the indictment or enter a finding of guilt on the offender's guilty plea. Based on the reasoning set forth above, we conclude that a trial court possesses jurisdiction to make that determination

after an offender's period of ILC has expired by examining the offender's conduct during the ILC period.

{¶ 16} Wells asserts that adopting this approach produces an "astounding" result by allowing a trial court to wait decades without a final appealable order and then find an ILC violation and make a finding of guilt. Her argument fails to persuade us for several reasons. First, the trial court did not wait decades to act here. Upon the expiration of Wells' two years of ILC supervision, the trial court promptly set the matter for a hearing to examine her conduct while on ILC and to make a determination whether to dismiss the charges or enter a finding of guilt. Second, a trial court might engage in an inordinate delay before entering a final judgment in any criminal case. Of course, that possibility does not deprive a trial court of jurisdiction to enter such a judgment. Third, if a trial court waits too long to act in any criminal case, including one involving ILC, remedies exist to avoid a delay lasting decades, including a petition in the court of appeals for an appropriate writ.

{¶ 17} Wells also argues that her ILC "supervising authority" never informed the trial court of an ILC violation. Instead, she contends the trial court sua sponte issued the first show-cause order. Wells argues that this act by the trial court violated R.C. 2951.041(F), which provides that if an offender violates the terms of ILC "the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan."

{¶ 18} Upon review, we find Wells' argument to be unpersuasive. The trial court's initial April 22, 2019 show-cause order regarding an ILC violation does not indicate the

source of the information that prompted the order to be filed. We note, however, that the initial ILC violation was addressed during a November 7, 2019 hearing. In the course of that hearing, Chris Merrell of the Adult Parole Authority testified that Wells was reporting to him when she failed to establish compliance with OLAP in March 2019. (November 7, 2019 Hearing Tr. at 7.) Although Wells' supervision may have been transferred to Butler County, Merrell testified that he still played a role in it. (*Id.* at 7-11, 27.) Therefore, we reasonably can infer that Merrell was a "supervising authority" who advised the trial court of the initial alleged ILC violation. We note too that Merrell actually signed the related June 21, 2019 notice that was filed regarding the initial alleged ILC violation. Regardless, we are unpersuaded that identifying the source of the information underlying the trial court's April 22, 2019 show-cause order was a jurisdictional prerequisite to the trial court's satisfying its statutory obligation to either find ILC compliance and dismiss the indictment or find non-compliance and enter a finding of guilt on Wells' pleas.

{¶ 19} Finally, we find no merit in Wells' claim that the trial court violated due process and double-jeopardy principles by failing to notify her of the initial ILC violation and initiate revocation proceedings prior to April 17, 2019. We already have held above that the trial court was entitled to determine Wells' ILC compliance after her two-year period of ILC had expired by examining her conduct during the ILC period. Moreover, prior to holding a hearing regarding any of the alleged ILC violations, the trial court gave Wells notice of the hearing and an opportunity to be heard. We see no due-process issue.

{¶ 20} As for double jeopardy, Wells argues that she had completed her "two-year ILC sentence," that she had an expectation of finality in it, and that the trial court violated double jeopardy by subjecting her to punishment twice when it entered findings of guilt

and sentenced her on the drug charges. We disagree. "Jeopardy" did not cease to exist when Wells' two-year term of ILC expired because her indictment remained pending and the trial court had not yet dismissed the felony charges against her or entered a finding of guilt on her pleas. We note too that ILC is not "punishment." *State v. Brovey*, 12th Dist. Butler No. CA2019-05-084, 2020-Ohio-964, ¶ 10. It is an opportunity for eligible offenders to obtain help and avoid a felony conviction. *Id.*; *see also State v. Niesen-Pennycuff*, 132 Ohio St.3d 416, 2012-Ohio-2730, 973 N.E.2d 221, ¶ 22 (recognizing the "remedial purpose of ILC"); *State v. Hardwick*, 2d Dist. Montgomery No. 26283, 2015-Ohio-1748, ¶ 41 (Donovan, J., dissenting) (characterizing R.C. 2951.041 as a "remedial statute"). Therefore, we reject Wells' argument that she was put in jeopardy twice and punished twice when the trial court found that she had violated the terms of her ILC, entered findings of guilt on her pleas, and sentenced her to community control.

{¶ 21} For the reasons set forth above, we overrule Wells' assignment of error and affirm the judgment of the Miami County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Paul M. Watkins
H. Louis Sirkin
Hon. Jeannine N. Pratt