Stephenson, J.
 

 This action originated in the Court of Appeals of Cuyahoga county. It is claimed by relator that the charter of the city of Cleveland affords him protection against a summary dismissal;' that a summary dismissal is in violation of the provisions of the charter and is of no effect.
 

 It is further claimed that an assistant law director, under the provisions of the charter, must be regarded as in the classified service, and Section 126 of the' charter of the city of Cleveland is cited. This section is, in part, as follows:
 

 ‘ ‘ There shall be in the classified service two classes,
 
 *29
 
 to be known as the competitive class and the non-competitive class.
 

 “(a) The competitive class shall include all positions and employment for which it is practicable to determine the merits and fitness of applicants by competitive tests.
 

 “(b) The non-competitive class shall consist of all positions requiring peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character, as may be determined by the rules of the commission.”
 

 There is no question that this provision does divide the classified service into a competitive and non-competitive class, and relator claims he belongs to the noncompetitive class of the classified service.
 

 The city charter of the city of Cleveland and the General Code of Ohio are not in consonance. Section 84 of the present charter of the city of Cleveland reads as follows:
 

 “The director of law shall be the prosecuting attorney of the municipal court. He may designate such number of assistant prosecutors as the council by ordinance may authorize. He shall prosecute all cases brought before such court and perform the same duties, so far as they are applicable thereto, as are required of the prosecuting attorney of the county.”
 

 The charter by this provision places the assistants to the law director, and we think properly so, in the same category as the assistants to the prosecuting attorney of the county. Now, does the charter of the city of Cleveland depart from this section of the Code, and, if it does, was it the legislative intent so to do?
 

 We think the Court of Appeals was right when it in effect stated that it was approaching asininity to require an assistant to the law director to take an examination before the city civil service commission in order to qualify himself for the position of assistant
 
 *30
 
 director of law, after he had taken an examination by the commission appointed by the Supreme Court and was required to practice law for two years before he could become eligible to such an appointment. We quite agree that we can see no purpose in requiring assistant law directors to undergo another examination as to their legal qualifications.
 

 The case of
 
 People, ex rel. Crane,
 
 v.
 
 Taylor, Treas.,
 
 17 Misc., 505, 40 N. Y. S., 321, is helpful in this case. We quote from page 509 of that opinion in 17 Misc., 40 N. Y. S., 324, quoted by the Court of Appeals in this case:
 

 “The district attorney is charged with grave responsibility and duties of the highest moment to the county. His assistants, for whom he is responsible, occupy the most confidential relations to him, and necessarily are charged with duties of the utmost importance. I think the public welfare demands that the district attorney in the selection. of his assistants should be left absolutely free in the exercise of his own judgment and discretion.”
 

 The position of assistant director of law is necessarily a position of trust and confidence. The director of law must answer to the people for the shortcomings of his assistants. Is it the policy of the law that he should be permitted to select as his assistants those individuals in whom he has confidence — confidence in their ability, confidence in their honesty, confidence in their personality; or must he take unto himself a coterie of assistants tested by an examination that means nothing in so far as the fitness of the individual to perform the duties of the office is concerned?
 

 As held by the Court of Appeals, we find no express conflict between the General Code of Ohio and the city charter of Cleveland on this proposition. “The power to designate” is a broad power. If this designation
 
 *31
 
 is restricted by law to an eligible class, this power is completely emasculated.
 

 Whether or not a specific position falls within the classified or unclassified service must be determined in the light of Article XY, Section 10, of the Constitution of Ohio, viz.:
 

 “Appointments and promotions in the civil service of the state, the several counties,
 
 and cities,
 
 shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
 

 The Constitution recognizes that it is not always practicable “'to ascertain merit and fitness” by competitive examinations. The Legislature had this section of the Constitution in mind when it enacted Section
 
 486-8(a),
 
 paragraph 11, where it provided for the unclassified service.
 

 We are not unmindful that where the city charter and the General Code conflict, if both are constitutional, the General Code must give way.
 

 This court holds that it is not practicable to ascertain the merit and fitness of an assistant police prosecutor by competitive examination — because of the unusual relationship between the director of law and such assistant prosecutor.
 

 We deem it unnecessary, for the purposes of this opinion and finding, to advert to the letter from the director of law to the relator in this case, claimed to constitute the charges against relator. Ryan during the time, and at all times complained of by him, was in the unclassified service of the city of Cleveland, and could be summarily discharged by the director of law; and this of course means that the preferment of charges was unnecessary. To hold otherwise would be placing the director of law in a precarious position. The Court of Appeals was right in refusing the writ
 
 *32
 
 of mandamus, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.