Day, J.
 

 The question presented is whether the civil service classification made by the Akron city Charter is operative as against assistant law directors and police prosecutors of that city.
 

 Section 105 of the Akron city Charter reads:
 

 “Classification. The civil service'of the city is hereby divided into the unclassified and the classified service.
 

 “ (1) The unclassified service shall include:
 

 “
 
 (a)
 
 All officers elected-by the people.
 

 “(5) The directors of the departments of public service, finance and law.
 

 “(c) The members of all appointed boards or commissions, and advisory boards.
 

 “(d)
 
 The secretary to the mayor.
 

 “(2) The classified service shall comprise all positions not specifically included by this charter in the unclassified service.”
 

 In determining whether the positions of assistant law directors and those of police prosecutors fall within the classified service of the municipality, it is necessary to read the above quoted charter provision in the light of Section 10, Article XV of the Ohio Constitution, which provides:
 

 “Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained,
 
 as far as practicable,
 
 by competitive examinations. Laws shall be passed providing for the enforcement of this provision.” (Italics ours.)
 

 By the use of the phrase “as far as practicable,”
 
 *578
 
 there is given constitutional recognition to the fact that it is not always practicable to ascertain merit and fitness by competitive examinations.
 
 State, ex rel. Ryan,
 
 v.
 
 Kerr, Dir. of Law,
 
 126 Ohio St., 26, 183 N. E., 535. However, Section 105 of the Akron city Charter failed, in language, to give like recognition to that fact.
 

 Indulging in the presumption that in the adoption of the above-quoted charter provision, the electors of the city intended it to be harmonious with Section 10, Article XY of the Constitution, the constitutional provision will be read into Section 105 of the charter as fully as if it expressly provided that:
 

 “(1) The unclassified service shall include: * * *
 

 “(2)
 
 As far as practicable to ascertain merit and, fitness by competitive examinations,
 
 the classified service shall comprise all positions not specifically included by this charter in the unclassified service.”
 

 Thus read, the civil service charter provision is similar to that of the Cleveland city Charter, interpreted in
 
 State, ex rel. Ryan, Dir. of Law,
 
 v.
 
 Kerr, supra,
 
 which reads:
 

 “(a) The competitive class shall include all positions and employment for which it is practicable to determine the merits and fitness of applicants by competitive tests.”
 

 In holding assistant police prosecutors to be in the unclassified service of the city, the court said:
 

 “The position of assistant director of law is necessarily a position of trust and confidence. The director of law must answer to the people for the shortcomings of his assistants. Is it the policy of the law that he should be permitted to select as his assistants those individuals in whom he has confidence — confidence in their ability, confidence in their honesty, confidence in their personality; or must he take unto himself a coterie of .assistants tested by an examination that means nothing in so far as the fitness of the individual to perform the duties of the office is concerned?”
 

 
 *579
 
 The court concluded that: ‘ ‘* * * it is not practicable to ascertain the merit and fitness of an assistant police prosecutor by competitive examination — because of the unusual relationship between the director of law and such assistant prosecutor.”
 

 It is our opinion that the instant case is parallel to
 
 State, ex rel. Ryan, Dir. of Law,
 
 v.
 
 Kerr, supra,
 
 and should be governed by like considerations.
 

 The director of law is, by the Akron city Charter, charged with the following duties:
 

 “Section 62. Director of law. The director of law shall be an attorney at law, admitted to practice in the state of Ohio. He shall be the legal advisor of, and attorney and counsel for, the city and for all officers and departments thereof, in matters relating to their official duties. He shall prosecute or defend all suits for or in behalf of the city and shall prepare all contracts, bonds and other instruments in writing in which the city is concerned and shall endorse on each his approval of the form and correctness thereof. He shall give written opinions to any official or department of the city, or to the council, within a reasonable length of time, when requested in writing so to' do, and file a copy of the same with the clerk of the council. He shall codify the ordinances immediately upon the taking effect of this charter and at least once every five years thereafter. He shall be the prosecuting attorney of the police court and of the Municipal Court in case one is hereafter established.
 

 “Section 63. City solicitor. In addition to the duties imposed upon the director of law by this charter or required of him by ordinance, he shall perform the duties which are imposed upon city solicitors by the general law of the state.”
 

 It is obvious that it was not intended for the director of law to perform all these duties himself. Clearly, he may select assistants and delegate duties to them. However, since the duties are placed squarely upon his
 
 *580
 
 shoulders by the charter, the responsibility of their proper performance is his. The office of director of law is one of great trust within the city. The attributes which the director of law may require of his assistants must, of necessity, be such as satisfy and assure him. The duties of assistant law directors and those of police prosecutors are not routine, but require for their performance qualities and capabilities not reasonably ascertainable by competitive examinations.
 

 We hold that assistant directors of law and police prosecutors occupy a fiduciary relation to their principal, the director of law, and by reason thereof it is not practicable to ascertain their merit and fitness by competitive civil service examination.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Myers, Matthias and Hart, JJ., concur.