OPINION JUDGMENT ENTRY
{¶ 1} Appellant Franklin County Prosecuting Attorney, Ron O'Brien, appeals the decision of the Licking County Court of Common Pleas that found Appellee Kathy Spires to be a classified employee. The following facts give rise to this appeal.
 {¶ 2} In February 1989, appellee became an employee of appellant's office. Pursuant to the Franklin County Prosecutor's Policy and Benefits Manual, appellee was employed and classified as a "Legal Secretary 1." Although appellee's duties varied during her employment, with the prosecutor's office, her classification remained the same.
 {¶ 3} During the last years of her employment with the prosecutor's office, appellee worked in the file room of the juvenile division. Although appellee's duties exposed her to confidential information, her position essentially involved data entry. In addition to her duties of data entry, appellee filled in for the office receptionist, during the receptionist's lunch hour, one day per week. As a result of her position, appellee had access to all areas of the prosecutor's office, including computer files.
 {¶ 4} On October 30, 2001, appellee was terminated from her position with the prosecutor's office. The prosecuting attorney determined appellee was an unclassified employee under R.C.124.11(A)(9) and (11). Appellee appealed the prosecutor's decision that she was an unclassified employee to the State Personnel Board of Review ("Board"). The Administrative Law Judge concluded, by order dated April 1, 2002, that R.C. 124.11(A)(11) was not applicable. Specifically, the Administrative Law Judge found that appellee was not an unclassified employee and recommended that her removal be disaffirmed and that she be reinstated as a "Legal Secretary 1" effective October 30, 2001. On March 20, 2003, the Board adopted this recommendation.
 {¶ 5} On April 4, 2003, appellant filed a notice of appeal with both the trial court and the Board. Appellee filed a motion to dismiss appellant's appeal, in the trial court, on June 16, 2003. The trial court denied appellant's motion on July 21, 2003. On December 24, 2003, the trial court affirmed the order of the Board.
 {¶ 6} The prosecutor timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The common pleas court erred as a matter of law by affirming the board's conclusion that appellee was not an unclassified assistant to the prosecuting attorney pursuant to R.C. § 124.11(A)(11).
 {¶ 8} "II. The common pleas court erred as a matter of law by affirming the board's conclusion that appellee was not an unclassified fiduciary pursuant to R.C. § 124.11(A)(9).
 {¶ 9} "III. The common pleas court erred as a matter of law by affirming the board's conclusion that appellee was not an unclassified fiduciary pursuant to R.C. § 124.11(A)(9) because her fitness could be determined by competitive examination."
 "Standard of Review" {¶ 10} In Clay v. Licking Cty. Prosecutor, Licking App. No. 02CA00011, 2002-Ohio-4243, we recently set forth the standard of review for an appeal from the State Personnel Board of Review. In doing so, we stated:
 {¶ 11} "In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Reliable, probative and substantial evidence has been defined as: (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. Our Place,Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571.
 {¶ 12} "On appeal to this Court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. RossfordExempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.
(1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing the trial court's determination [whether] the Board of Review's order was supported by reliable, probative and substantial evidence, this Court's role is limited to determining whether the trial court abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680, 610 N.E.2d 562. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140." Id. at ¶ 9, ¶ 10.
 {¶ 13} It is based upon this standard that we review appellant's three assignments of error.
 I {¶ 14} In his First Assignment of Error, appellant maintains the trial court erred when it determined appellee was not an unclassified assistant to the prosecuting attorney pursuant to R.C. 124.11(A)(11). We disagree.
 {¶ 15} "In Ohio, the civil service includes all offices and positions of trust or employment in the service of the state, the counties, cities, city health districts, general health districts and city school districts. R.C. 124.01(B). The civil service is then divided into the classified and unclassified service."Dugan v. Civ. Serv. Comm. of Akron (1983), 9 Ohio App.3d 218.
 {¶ 16} R.C. 124.11 defines "classified" service and "unclassified" service. This statute provides, in pertinent part:
 {¶ 17} "The civil service of the state and the several counties, cities, civil service townships, city health district, general health district, and city school districts thereof shall be divided into the unclassified service and the classified service.
 {¶ 18} "(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:
"* * *
 {¶ 19} "(11) Assistants to the attorney general, special counsel appointed or employed by the attorney general, assistants to county prosecuting attorneys, and assistants to city directors of law;"
 {¶ 20} The significance between "classified" service and "unclassified" service "* * * is that those employees in the classified service can be removed only for good cause pursuant to the procedures of R.C. 124.34. Employees in the unclassified service are not entitled to this protection." Smith v. Sushka
(1995), 103 Ohio App.3d 465, 470.
 {¶ 21} In its judgment entry, the trial court concluded the Board's decision that appellee was not an unclassified employee under R.C. 124.11(A)(11) was supported by reliable, probative and substantial evidence. Judgment Entry, Dec. 24, 2003, at 4. The trial court determined that to hold otherwise would mean all clerical staff in every county prosecutor's office would be unclassified personnel. Id.
 {¶ 22} Appellant contends appellee is not a classified employee because R.C. 124.11(A)(11) applies to assistants to prosecuting attorneys and not just assistant prosecuting attorneys. Appellant also argues appellee's position as "Legal Secretary 1" was not classified because she had daily access to confidential information and a prosecutor must be able to trust in the integrity and fidelity of his or her staff.
 {¶ 23} We have found no case law that supports appellant's argument. Further, the case law interpreting R.C. 124.11(A)(11) has only held that assistant county prosecutors, assistant attorney generals and assistant police prosecutors are in the unclassified service. See Rose v. Wellsville (1993),63 Ohio Misc.2d 9; Huber v. Celebrezze (1984), 14 Ohio App.3d 299;DeWoody v. Underwood (1940), 136 Ohio St. 575; and State exrel. Ryan v. Kerr (1932), 126 Ohio St. 26. As such, we decline to extend this exemption to any employee that works in a county prosecutor's office that has access to confidential information.
 {¶ 24} Further, in Clay, this Court recognized that a secretary in a county prosecutor's office, "[a]s a classified employee, * * * enjoyed a property interest in her employment with the prosecutor's office, which required she be afforded due process prior to her termination." Id. at ¶ 11. Although, in theClay decision, we did not address the issue of whether a secretary in a county prosecutor's office is a classified employee, we clearly agreed with the prior determination made by the Board and the trial court that the secretary held a classified status.
 {¶ 25} Accordingly, we conclude the trial court did not abuse its discretion when it determined appellee was not an unclassified assistant to the prosecuting attorney pursuant to R.C. 124.11(A)(11).
 {¶ 26} Appellant's First Assignment of Error is overruled.
 II {¶ 27} In his Second Assignment of Error, appellant contends the trial court erred when it affirmed the Board's decision that appellee was not an unclassified fiduciary pursuant to R.C.124.11(A)(9). We disagree.
 {¶ 28} This statute provides, in pertinent part:
 {¶ 29} "(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:
 "* * * {¶ 30} "(9) The deputies and assistants of state agencies authorized to act for and on behalf of the agency, or holding a fiduciary or administrative relation to that agency and those persons employed by and directly responsible to elected county officials or a county administrator and holding a fiduciary or administrative relationship to such elected county officials or county administrator, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination, * * *."
 {¶ 31} In the case sub judice, the trial court agreed with the Administrative Law Judge's finding that appellee was not directly responsible to an elected county official since she reported to an administrative assistant and not the county prosecutor. Judgment Entry, Dec. 24, 2003, at 6. The trial court also reviewed the clerical staff table of organization, for the juvenile division, which indicates that appellee fell under the supervision of the administrative assistant. Id. Therefore, the trial court concluded appellee was not directly responsible to the county prosecutor and did not need to address the issue of whether a fiduciary relationship existed. Id.
 {¶ 32} In determining whether the trial court abused its discretion, we must consider how the employees are organized within the juvenile division. The record, in the case sub judice, indicates appellee did not report directly to appellant. Rather, appellee reported to an administrative assistant for the juvenile division. The administrative assistant reports to Ms. Kawalec, who reports to the chief of the juvenile division, Dennis Hogan. Mr. Hogan reports to an administrative assistant, who then reports to the first assistant prosecuting attorney. The first assistant prosecuting attorney reports to appellant.
 {¶ 33} Based upon this organizational structure of the juvenile division, appellee was not directly responsible to an elected county official as required by R.C. 124.11(A)(9). Because appellee was not directly responsible to an elected county official, we need not determine whether a fiduciary relationship existed.
 {¶ 34} Accordingly, the trial court did not abuse its discretion when it determined appellee was not an unclassified fiduciary pursuant to R.C. 124.11(A)(9).
 {¶ 35} Appellant's Second Assignment of Error is overruled.
 III {¶ 36} In his Third Assignment of Error, appellant contends the trial court erred when it affirmed the Board's conclusion that appellee was not an unclassified fiduciary, under R.C.124.11(A)(9), because her fitness could be determined by competitive examination. We disagree.
 {¶ 37} Appellant argues he had a need to trust in the integrity and fidelity of appellee, which cannot be determined by a competitive examination. Thus, appellant concludes appellee was an unclassified employee. The record supports the conclusion that appellee's fitness could be determined by examination. Ms. Kawalec testified that appellee took a typing test prior to being hired, however, the results of the test were not in appellee's employment file. Ms. Rose testified that she knows a typing test is given. Appellee testified that she took a typing test.
 {¶ 38} The requirement of the typing test establishes that appellee performed duties that were capable of testing. Appellee's filing duties were also capable of testing. However, the record indicates appellee was never tested on this skill. InLewis v. City of Fairborn (1997), 124 Ohio App.3d 292, 295, the Second District Court of Appeals explained that "* * * an appointing authority may not assert that a position is unclassified simply because it did not test the person hired to fill that position if the nature of the position is such that one's qualifications would be amenable to testing."
 {¶ 39} Appellant tested appellee's ability to type, which was at least one qualification needed for the job as "Legal Secretary 1." Appellant could have tested other qualifications required for appellee's position, but chose not to do so. The fact that appellee's integrity and trust could not be determined by a test, did not prevent appellant from administering other tests which could measure appellee's qualifications. Therefore, we conclude her fitness could be determined by competitive examination.
 {¶ 40} The trial court did not abuse its discretion when it affirmed the Board's determination that appellee was not an unclassified fiduciary, under R.C. 124.11(A)(9), because her fitness could be determined by competitive examination.
 {¶ 41} Appellant's Third Assignment of Error is overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to appellant.