[Cite as *Teamsters Local No. 436 v. Cleveland*, 2017-Ohio-8975.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Teamsters Local Union No. 436, | : | |
| Appellant-Appellant, | : | |
| | : | No. 16AP-714 |
| v. | : | (C.P.C. No. 13CV-13857) |
| City of Cleveland, | : | (REGULAR CALENDAR) |
| Appellee-Appellee | : | |
| [State Employment Relations Board, | : | |
| Intervenor-Appellee]. | : | |

# D E C I S I O N

## Rendered on December 12, 2017

**On brief:** *The Chandra Law Firm, LLC, Subodh Chandra*, and *Donald Screen*, for appellant. **Argued:** *Donald Screen*.

**On brief:** *Littler Mendelson, P.C., Stephen J. Sferra, Robert M. Wolff*, and *Inna Shelley*, for appellee City of Cleveland. **Argued:** *Robert M. Wolff*.

**On brief:** *Michael DeWine*, Attorney General, and *Michael D. Allen*, for Intervenor-appellee State Employment Relations Board. **Argued:** *Michael D. Allen*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant-appellant, Teamsters Local Union No. 436 ("the Union"), appeals from the September 15, 2016 judgment of the Franklin County Court of Common Pleas affirming the December 13, 2013 order issued by intervenor-appellee, State Employment Relations Board ("SERB"), dismissing the Union's request to be recognized as the exclusive bargaining representative for the Assistant Directors of Law ("ADLs") in the

Civil Division of the Department of Law of appellee-appellee, City of Cleveland ("Cleveland").  For the reasons that follow, we affirm.

**I.  Facts and Procedural History**

{¶ 2}   On July 11, 2012, the Union filed a request for recognition with SERB, seeking to be recognized as the exclusive representative for purposes of collective bargaining for all ADLs in the Civil Division of Cleveland's Department of Law.  Cleveland filed an objection to the request for recognition and moved to dismiss, asserting SERB lacked jurisdiction.  In the alternative, Cleveland argued ADLs were excluded from the definition of public employees for purposes of the public employee collective bargaining statute.  The Union filed a memorandum in opposition to Cleveland's objection and motion to dismiss.

{¶ 3}   A SERB administrative law judge ("ALJ") conducted a three-day evidentiary hearing on the request for recognition.  On October 15, 2013, the ALJ issued a recommended determination, which included detailed findings of fact and recommended SERB dismiss the request for recognition with prejudice.  The Union filed exceptions to the recommended determination.  The Union also filed a motion to withdraw the request for recognition without prejudice.  Cleveland filed a memoranda in opposition to the Union's exceptions and motion to withdraw.

{¶ 4}   On December 13, 2013, SERB issued an order dismissing the Union's request for recognition.  The order adopted the ALJ's recommended determination and held ADLs were exempt from the definition of the term "public employee" contained in the collective bargaining statute.  The order also denied the motion to withdraw, concluding that permitting withdrawal of the request for recognition without prejudice after the recommended determination had been issued would waste significant resources and undermine SERB's processes.

{¶ 5}   The Union appealed SERB's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12.  On September 15, 2016, the common pleas court issued a judgment affirming SERB's order.  The court held ADLs were excluded from the definition of the term "public employee" for purposes of the collective bargaining statute under the exception set forth in R.C. 4117.01(C)(9).

## II. Assignment of Error

{¶ 6} The Union appeals and assigns the following single assignment of error for our review:

> The trial court abused its discretion in affirming the State Employment Relations Board's dismissal of Appellant's Request for Recognition, as the dismissal "is not supported by reliable, probative, and substantial evidence and is not in accordance with law."

## III. Discussion

{¶ 7} In an administrative appeal under R.C. 119.12, a common pleas court reviews the entire record and determines whether a board's order is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The standard of review for a court of appeals in an administrative appeal is more limited; we must determine whether the common pleas court abused its discretion. *Id.* An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, on questions of whether the board's decision was in accordance with law we exercise plenary review. *Gralewski v. Ohio Bur. of Workers' Comp.*, 167 Ohio App.3d 468, 2006-Ohio-1529 (10th Dist.).

{¶ 8} Nevertheless, the Supreme Court of Ohio has held that in reviewing SERB orders, "courts must accord due deference to SERB's interpretation of R.C. Chapter 4117. Otherwise, there would be no purpose in creating a specialized administrative agency, such as SERB, to make determinations." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). The court concluded that "[i]t was clearly the intention of the General Assembly to vest SERB with broad authority to administer and enforce R.C. Chapter 4117. This authority must necessarily include the power to interpret the Act to achieve its purposes." (Citations omitted.) *Id.*

{¶ 9} Ohio's public employee collective bargaining law provides that public employees have the right to form or join employee organizations and engage in collective bargaining with their public employers to determine wages, hours, and other terms and conditions of employment. R.C. 4117.03(A). "Public employee" is defined as "any person holding a position by appointment or employment in the service of a public employer,

including any person working pursuant to a contract between a public employer and a private employer and over whom the national labor relations board has declined jurisdiction on the basis that the involved employees are employees of a public employer." R.C. 4117.01(C). The law excludes certain categories of employees from the definition of the term public employee. R.C. 4117.01(C)(1) through (17). As relevant to this appeal, the exceptions include "[e]mployees of a public official who act in a fiduciary capacity, appointed pursuant to section 124.11 of the Revised Code." R.C. 4117.01(C)(9).

{¶ 10} The Union and Cleveland stipulated in the proceedings before SERB that Cleveland is a "public employer" and the Union is an "employee organization" for purposes of Ohio's public employee collective bargaining law. They further stipulated ADLs were employed by Cleveland. Thus, ADLs would be public employees entitled to engage in collective bargaining unless they fit within one of the exceptions under the law. The SERB ALJ concluded ADLs were excluded from the definition of "public employee" under the exception set forth in R.C. 4117.01(C)(9) and recommended SERB dismiss the Union's request for recognition. SERB adopted the ALJ's findings and reasoning in its order dismissing the request for recognition, and the common pleas court affirmed SERB's order.

{¶ 11} As SERB and the common pleas court recognized, the exception contained in R.C. 4117.01(C)(9) sets forth a three-part test. To fit within the exception, an employee must be (1) an employee of a public official, (2) who acts in a fiduciary capacity, and is (3) appointed pursuant to R.C. 124.11. All three parts of the exception must be met for an employee to be excluded from being a public employee for purposes of the public employee collective bargaining law. Therefore, it is necessary to consider whether ADLs satisfy each of the elements of the exception under R.C. 4117.01(C)(9).

A. Employees of a Public Official

{¶ 12} First, we will review whether the common pleas court erred by affirming SERB's conclusion that ADLs are "employees of a public official." SERB concluded ADLs were employees of a public official because the Director of Law ("Director") was a public official and ADLs were appointed by the Director. The common pleas court affirmed SERB's decision, finding that, pursuant to Cleveland city ordinances, the Director was authorized to determine the appropriate number of ADLs and hire individuals to fill those

positions, and to supervise the work of ADLs. The common pleas court also cited case law holding the Director has authority to fire ADLs.

{¶ 13} The Union challenges SERB's interpretation of the phrase "employees of a public official" in the context of R.C. 4117.01(C)(9). Therefore, we will apply a de novo standard of review, while giving appropriate deference to SERB's interpretation of the statute.

{¶ 14} The Union and Cleveland stipulated in the proceedings before SERB that ADLs are employed by Cleveland; however, the inquiry does not end there. "In enacting a statute, it is presumed that [t]he entire statute is intended to be effective." R.C. 1.47(B). Under R.C. 4117.01(C), a public employee is defined as "any person holding a position by appointment or employment in the service of a public employer." The term "public employer" as defined under R.C. 4117.01(B) does not include individual public officials:

> "Public employer" means the state or any political subdivision of the state located entirely within the state, including, without limitation, any municipal corporation with a population of at least five thousand according to the most recent federal decennial census; county; township with a population of at least five thousand in the unincorporated area of the township according to the most recent federal decennial census; school district; governing authority of a community school established under Chapter 3314. of the Revised Code; college preparatory boarding school established under Chapter 3328. of the Revised Code or its operator; state institution of higher learning; public or special district; state agency, authority, commission, or board; or other branch of public employment. "Public employer" does not include the nonprofit corporation formed under section 187.01 of the Revised Code.

Thus, in order for the phrase "employees of a public official" in R.C. 4117.01(C)(9) to be effective, as is presumed under our principles of statutory construction, it must refer to something other than the state or the political subdivision that employs the individual.

{¶ 15} The Union concedes that the phrase "employees of a public official" is not limited to individuals who are directly employed by a public official. However, the Union argues for a distinction between employees of public officials in their official capacities, such as employees of an elected official's office, and employees of a government entity or department. As an example, the Union asserts that assistant public defenders are

employees of a public official (i.e., the public defender), whereas ADLs in this case are employees of Cleveland and not the Director.

{¶ 16} The leading decision on R.C. 4117.01(C)(9) was rendered by this court in *Ohio Civ. Serv. Emps. Assn., AFSCME Local 11, AFL-CIO v. State Emp. Relations Bd.*, 144 Ohio App.3d 96 (10th Dist.2001) ("*OCSEA*"), which involved a request by the Ohio Civil Service Employees Association for recognition as the bargaining representative for certain employees of the Ohio Office of the Public Defender holding the position of assistant public defender. *OCSEA* at 97. SERB dismissed the request for recognition, holding the assistant public defenders were fiduciary employees and, therefore, were excluded under R.C. 4117.01(C)(9). *Id.* The common pleas court affirmed and the case was appealed to this court. As discussed more fully below, this court ultimately reversed, finding that the assistant public defenders did not satisfy the "act in a fiduciary capacity" portion of the statutory exclusion. *Id.* at 103-04. Although Cleveland refers to assistant public defenders as an example of "employees of a public official," the *OCSEA* decision did not contain any detailed analysis of that element of the R.C. 4117.01(C)(9) exception; instead, the court focused solely on the fiduciary capacity element of the exception. Thus, the *OCSEA* decision provides little guidance with respect to the determination of whether ADLs are employees of a public official.

{¶ 17} Under the Cleveland city charter, the Director is designated as the "legal advisor of and attorney and counsel for the City, and for all officers and departments thereof in matters relating to their official duties." Cleveland City Charter, Section 83. The charter provides that the Director "shall prosecute or defend all suits for and in behalf of the City, and shall prepare all contracts, bonds and other instruments in writing in which the City is concerned and shall endorse on each his approval of the form and correctness thereof." Cleveland City Charter, Section 83. The Cleveland city code provides that the Director shall supervise and control the Department of Law. The Director is authorized to appoint "such number of Assistant Directors of Law as he or she deems necessary for the proper conduct of the work of the civil branch" (although those appointments are subject to approval of the Cleveland city council). Codified Ordinances of Cleveland, Ohio, Section 125.01(a).

{¶ 18} The Director of Law, Barbara Langhenry, testified at the SERB hearing that she is not able to personally fulfill all the duties outlined for the Director in the Cleveland city charter. Langhenry testified she did not personally prepare and review the hundreds of contracts entered into by Cleveland each year; rather, ADLs performed those duties. Similarly, Langhenry testified that as Director, she did not personally appear in court to defend lawsuits against Cleveland, and that ADLs were involved in litigating those cases.

{¶ 19} The Union argues the Director merely supervises the work of ADLs, and that ADLs are "simply attorneys who, like the Law Director herself, are employed by a public entity, i.e., the City of Cleveland." (Appellant's Brief at 37.) The Union points to the fact that the Director heads the Department of Law, not the "Office of the Law Director." (Appellant's Brief at 37.) SERB and the common pleas court did not find this distinction to be legally significant. As explained above, the Cleveland city charter prescribes certain duties to be performed by the Director. The city code authorizes her to appoint ADLs as she deems necessary to complete these duties. The Director's relationship to ADLs is thus more than that of a mere supervisor. ADLs are selected and appointed by the Director to perform her legally required duties. Giving the appropriate deference to SERB in the interpretation of R.C. Chapter 4117, under these circumstances, we conclude the common pleas court did not err by affirming SERB's conclusion that ADLs are "employees of a public official" for purposes of R.C. 4117.01(C)(9).

## B. Employees Who Act in a Fiduciary Capacity

{¶ 20} Next, we turn to the issue of whether ADLs "act in a fiduciary capacity" for purposes of R.C. 4117.01(C)(9). SERB adopted the ALJ's conclusion that ADLs satisfied this part of the statutory test because they act in a fiduciary capacity with respect to Cleveland and the Director. The common pleas court concluded SERB's conclusion was supported by the ALJ's findings of fact regarding the duties and responsibilities of ADLs and the trust and confidence placed in ADLs by the Director.

{¶ 21} In its decision affirming SERB's order, the common pleas court stated R.C. 4117.01(C)(9) does not specify that an employee must act in a fiduciary capacity toward the public official who employs him or her, but merely that the employee must act in a fiduciary capacity. On appeal, the Union challenges this conclusion, arguing the statute must be understood to require that the employee act in a fiduciary capacity toward the

public official for whom he or she works. This is an issue of statutory interpretation, which would be subject to de novo review. Assuming without deciding that the common pleas court erred in its construction of the statute, however, that would not resolve the matter because SERB and the common pleas court concluded ADLs acted in a fiduciary capacity toward *both* Cleveland *and* the Director. Therefore, we will review the common pleas court's affirmation of SERB's conclusion that this portion of the statutory test was satisfied.

{¶ 22} As explained above, in reviewing SERB's conclusion that ADLs act in a fiduciary capacity to both Cleveland and the Director, the common pleas court was required to determine whether the order was supported by reliable, probative, and substantial evidence. We review the common pleas court's decision for abuse of discretion. *Pons* at 621.

{¶ 23} The SERB ALJ made detailed findings of fact regarding the duties and responsibilities of ADLs. She found that ADLs provide daily legal advice to various city departments, including Community Development, Economic Development, Building and Housing, and Port Control. ADLs directly advise the Port Control Director on matters related to the operations of Cleveland Hopkins International Airport and on harbor-related issues. ADLs are directly involved in code enforcement litigation, as well as civil rights, environmental, police misconduct, negligence, and contract cases. ADLs provide legal advice to the Cleveland Department of Public Works and to the Cleveland's utility providers. ADLs also advise other city departments, including Human Resources, Public Safety, Finance, Civil Service Commission, City Council, and the Cleveland Municipal Court. She found ADLs "perform sophisticated legal work that requires significant training, loyalty, and integrity [and] exercise discretion and good-faith judgment on behalf of the City" and that "[d]epartment directors rely on ADLs' specialized training, expertise, and experience to provide legal and other advice, often on a daily basis." (SERB Opinion 2013-002, Recommended Determination at 17.) The ALJ further found ADLs "work on extremely sensitive legal matters and have access to the City's most sensitive confidential information." (SERB Opinion 2013-002, Recommended Determination at 18.)

{¶ 24} With respect to ADLs' relationship to the Director, the ALJ found the Director relied on ADLs' representations, research, legal interpretations, and work product. She further found that when granting authority to settle litigation, the Director typically did not review the entire case file, but relied on ADLs' strategic assessment of the case. The ALJ found that "it is extremely important for the Director to have great trust and confidence in her ADLs' loyalty and integrity, judgment, decision making, work product, and allegiance to the City [and that] [t]he extent to which the Director relies on the integrity, advice, guidance, work product, and loyalty of ADLs cannot be understated." (SERB Opinion 2013-002, Recommended Determination at 17.)

{¶ 25} Based on these findings, the SERB ALJ concluded ADLs owed a fiduciary duty to *both* their clients and their employer, which was ultimately the same entity—i.e., Cleveland. Furthermore, the ALJ concluded that ADLs acted in a fiduciary capacity toward the Director, based on her confidence and reliance on them. Distinguishing *OCSEA*, the ALJ concluded that both Cleveland and the Director relied on the "quality of the ADLs' work product, specialized areas of legal expertise, day-to-day legal advice, and their fidelity, loyalty, and integrity, to carry out their duties." (SERB Opinion 2013-002, Recommended Determination at 21.) Therefore, the ALJ concluded, "[b]ecause the interests of the ADLs, the Director, and the City are synonymous, ADLs are fiduciaries ineligible for bargaining under R.C. 4117.01(C)(9)." (SERB Opinion 2013-002, Recommended Determination at 21.) SERB adopted these findings and conclusions in its order denying the Union's request for recognition.

{¶ 26} In affirming SERB's order, the common pleas court found the ALJ had made "exhaustive findings of fact" that were adopted by SERB. (Decision and Jgmt. Entry at 26.) The common pleas court concluded these findings supported SERB's conclusions that the Director placed great trust and confidence in ADLs, ADLs performed sophisticated legal work requiring significant training, loyalty, and integrity, ADLs exercised discretion and good-faith judgment on behalf of Cleveland, and ADLs worked on extremely sensitive matters and had access to sensitive confidential information. Accordingly, the common pleas court held SERB properly concluded that ADLs acted in a fiduciary capacity for purposes of R.C. 4117.01(C)(9).

{¶ 27} The Supreme Court has held that "[t]he position of assistant director of law is necessarily a position of trust and confidence." *State ex rel. Ryan v. Kerr*, 126 Ohio St. 26, 30 (1932). *See also DeWoody v. Underwood*, 136 Ohio St. 575, 580 (1940) (holding that ALDs "occupy a fiduciary relation to their principal, the director of law"). Notwithstanding those pronouncements, the Union argues that SERB's decision in the present case is contrary to *OCSEA*. The Union notes the *OCSEA* court found it significant that the assistant public defenders had little or no discretion with respect to matters involving the management and administration of the office of the public defender. The Union argues that ADLs in the present case have no involvement in the management or administration of the Department of Law. Therefore, the Union claims, ADLs do not act in a fiduciary capacity toward their employer.

{¶ 28} As both SERB and the common pleas court noted, the term "fiduciary capacity" is not defined in Ohio Revised Code Chapter 4117. Because of that lack of an internal definition, in *OCSEA* this court looked to case law analyzing the meaning of the term "fiduciary relationship" under R.C. 124.11. *OCSEA* at 101-02, citing *State ex rel. Charlton v. Corrigan*, 36 Ohio St.3d 68 (1988). The court noted that factors to be considered in determining whether an employee acts in a fiduciary capacity include the duties assigned to the employee, whether the employee has access to confidential and sensitive information, and whether the employee makes daily discretionary decisions in resolving the problems of those who contact the agency. *OCSEA* at 102, citing *Charlton* at 71-73. The court further concluded that in the collective bargaining context, courts should also consider the fundamental purpose of excluding some employees from collective bargaining and whether a particular employee "perform[s] the type of duties and share[s] the type of responsibility that would make it inappropriate for them to have personal interests at stake that may be in conflict with that of the employer during bargaining activities." *OCSEA* at 103.

{¶ 29} The *OCSEA* decision concluded that assistant public defenders exercised discretion on behalf of the individual criminal defendants that they served, but not on behalf of the agency of the Office of the Public Defender. *Id.* The court reasoned that the assistant public defenders' "duties do not require them to act with particular fidelity to the employer *as employer*, nor to exercise the type of discretion and loyalty and

trustworthiness that must be exercised by those employees who participate in the administration of the agency." (Emphasis sic.) *Id.* at 103-04. The court held the assistant public defenders were not excluded from collective bargaining under R.C. 4117.01(C)(9) because there was "no 'special' relationship [between the assistant public defenders and the public defender] that is more than the ordinary relationship of an employer and employee so far as the interests sought to be protected by R.C. Chapter 4117 are concerned." *Id.* at 104. The *OCSEA* court also stated that "when collective bargaining is at issue * * * the court must consider whether the employees perform the type of duties and share the type of responsibility that would make it inappropriate for them to have personal interests at stake that may be in conflict with that of the employer during bargaining activities, such as contract negotiations, grievance proceedings, etc." *Id.* at 103.

{¶ 30} As noted above, SERB considered *OCSEA* but found the decision distinguishable. Specifically, SERB found that ADLs' clients are various agencies and departments of Cleveland, which is also their employer, unlike *OCSEA* where the public defenders' criminal-defendant clients were distinct from their employer, the office of the public defender. SERB also made specific findings regarding the Director's reliance on ADLs' integrity and loyalty, which it concluded created a fiduciary relationship. In effect, SERB appears to have concluded that there was a special relationship between ADLs, Cleveland, and the Director such that it would be inappropriate for ADLs to engage in collective bargaining with the Director or Cleveland.

{¶ 31} The SERB decision contained extensive factual findings to support its conclusions regarding the duties and responsibilities of ADLs and the reliance on ADLs by both Cleveland and the Director. Based on the findings and analysis contained in that decision, we conclude the common pleas court did not abuse its discretion in affirming SERB's conclusion that ADLs acted in a fiduciary capacity for purposes of R.C. 4117.01(C)(9).

## C. Employees Appointed Pursuant to R.C. 124.11

{¶ 32} Finally, we review whether ADLs are "appointed pursuant to section 124.11 of the Revised Code." R.C. 4117.01(C)(9). The SERB ALJ concluded the "appointed pursuant to" clause in R.C. 4117.01(C)(9) referred to whether an employee held a position in the unclassified service. The ALJ noted ADLs were designated as part of the

unclassified service under Cleveland's civil service provisions; therefore, the ALJ reasoned, because ADLs were in the unclassified service they satisfied the requirement of being "appointed pursuant to section 124.11 of the Ohio Revised Code" for purposes of R.C. 4117.01(C)(9). The ALJ concluded no home-rule analysis was necessary because there was no conflict between the Ohio Revised Code and the Cleveland city charter. SERB adopted the ALJ's reasoning in its order dismissing the request for recognition. The common pleas court affirmed SERB's conclusion, holding there was no conflict between R.C. 124.11(A)(11) and Section 126(1)(b) of the Cleveland city charter because both the statute and the charter provide ADLs are unclassified civil servants. Accordingly, the court reasoned, no home-rule analysis was necessary and the rule of charter supremacy did not apply.

{¶ 33} Here, the Union challenges SERB's legal interpretation of the phrase "appointed pursuant to section 124.11 of the Revised Code." Therefore, we will apply a de novo standard of review, while giving appropriate deference to SERB's interpretation of the statute.

{¶ 34} The Union argues the phrase "appointed pursuant to" implies an appointing authority and mechanism under which appointments are made. The Union asserts that R.C. 4117.01(C)(9) cannot apply to ADLs because they are appointed under the authority of the Cleveland charter and ordinances, not state law. The Union further argues that under the principle of home rule, the Cleveland city charter prevails and the appointment of civil service employees is within the city's power of local self-government. Therefore, the Union claims, ADLs are not covered by the exception under R.C. 4117.01(C)(9) because they are not appointed pursuant to R.C. 124.11.

{¶ 35} Giving due deference to SERB's interpretation, we do not find merit in the Union's proposed interpretation of the "appointed pursuant to" clause in R.C. 4117.01(C)(9). As the Union concedes, R.C. 124.11 does not authorize the appointment of civil service employees. Instead, the statute simply provides for the division of the civil service into classified and unclassified positions. Accordingly, reading the phrase "appointed pursuant to section 124.11 of the Revised Code" in R.C. 4117.01(C)(9) to mean that an employee must be appointed under the authority of R.C. 124.11 to qualify for the exception would render the clause a nullity, because *no* employees are appointed under

the authority of that statute. "In enacting a statute, it is presumed that [t]he entire statute is intended to be effective." R.C. 1.47(B). Therefore, we presume the "appointed pursuant to" clause of R.C. 4117.01(C)(9) was intended to have some meaning.

{¶ 36} When interpreting a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. The phrase "pursuant to" can be defined as "in compliance with" or "in accordance with." *Black's Law Dictionary* 1431 (10th Ed.2014). *See also State v. Niesen-Pennycuff*, 132 Ohio St.3d 416, 2012-Ohio-2730, ¶ 19, citing *Black's Law Dictionary* 1356 (9th Ed.2009). Thus, contrary to the Union's argument, the "appointed pursuant to" clause in R.C. 4117.01(C)(9) does not necessarily imply an appointing authority and mechanism. Instead, for employees who are not subject to the civil service classifications of R.C. 124.11, the clause may be construed to mean that an employee qualifies for the exception if she is appointed to a classified or unclassified position that is in compliance with or in accordance with the classifications contained in R.C. 124.11. Cleveland has adopted its own system of civil service classification under its city charter. Under Section 126(1)(b) of the Cleveland city charter, assistant directors of departments are categorized as unclassified civil service employees. Similarly, under R.C. 124.11(A)(11), assistants to city law directors are categorized as unclassified positions. Thus, the classification of ADLs under the Cleveland charter is in accordance with classification of assistants to city directors of law under R.C. 124.11. This interpretation of the statute is also consistent with the reasoning of the SERB ALJ, which was adopted by SERB. As noted above, we accord due deference to SERB's interpretation of Ohio Revised Code Chapter 4117. *See Lorain City School Dist.*, at 261. Therefore, we conclude the common pleas court did not err by affirming SERB's conclusion that the ADLs were appointed pursuant to R.C. 124.11 for purposes of R.C. 4117.01(C)(9).

{¶ 37} Because the common pleas court did not err by affirming SERB's conclusion the ADLs satisfied each of the elements of the exception under R.C. 4117.01(C)(9), the common pleas court did not err by affirming SERB's order dismissing the Union's request for recognition because ADLs were not public employees for purposes of the public employee collective bargaining law.

**D. The Union's Alternative Statutory Construction Argument**

{¶ 38}  Finally, the Union further argues that if the General Assembly had intended to exclude ADLs from collective bargaining, it would have done so under R.C. 4117.01(C)(8), which provides that "[e]mployees and officers of the courts, assistants to the attorney general, assistant prosecuting attorneys, and employees of the clerks of courts who perform a judicial function" are excluded from the definition of public employee for purposes of the public employee collective bargaining law.  As explained above, SERB is entitled to deference in its interpretation of Ohio Revised Code Chapter 4117, and the fact that ADLs could have been included in the exclusion under R.C. 4117.01(C)(8) does not render unreasonable SERB's conclusion that they were covered by the exclusion contained in R.C. 4117.01(C)(9).  *See State ex rel. Bertaux v. State Teachers Retirement Sys. Bd.*, 10th Dist. No. 11AP-504, 2012-Ohio-5900, ¶ 9 ("The fact that relator can offer an alternative interpretation [of the relevant statute] does not make STRB's interpretation unreasonable.  Moreover, even if we agreed that relator's proposed interpretation was equally reasonable, STRB's interpretation would be entitled to deference, and we would focus only on the question of whether the STRB interpretation was reasonable.").

## IV. Conclusion

{¶ 39}  Having concluded that SERB properly found that each of the three elements of the statutory exclusion contained in R.C. 4117.01(C)(9) were satisfied, we overrule the Union's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and KLATT, J., concur.

———————————