[Cite as *Reusch v. Toledo*, 2020-Ohio-3066.]

## COURT OF APPEALS OF OHIO

### SIXTH APPELLATE DISTRICT
### COUNTY OF LUCAS

| | | |
|---|---|---|
| JEFFREY D. REUSCH, | : | |
| Plaintiff-Appellant, | : | No. L-19-1238 |
| v. | : | |
| CITY OF TOLEDO, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 22, 2020

Civil Appeal from the Toledo Municipal Court
Case No. CVF-19-02624

### *Appearances:*

Dale R. Emch, Toledo Director of Law, and Edward T.
Mohler, Senior Attorney, *for appellee.*

Jeffrey D. Reusch, *pro se.*

MARY EILEEN KILBANE, J.:

**{¶ 1}** Plaintiff-appellant, Jeffrey D. Reusch ("Reusch"), appeals the trial court's decision granting summary judgment in favor of the city of Toledo ("Toledo") and upholding the decision that Reusch had committed a civil speeding infraction. For the following reasons, we affirm the decision of the trial court.

**Facts**

{¶ 2} Toledo and Reusch both agree that there are a number of material facts not in dispute. The trial court referred to those facts in formulating its detailed opinion.

{¶ 3} On October 14, 2018, Reusch was observed driving 62 m.p.h. in a 50 m.p.h. zone on northbound Interstate 75 in Toledo. The 50 m.p.h. limit was a temporary limit established to cover a construction zone. Reusch was observed by radar/lidar technology, operated by a Toledo police officer, that captured recorded images of his vehicle and noted the speed he was traveling. On October 22, 2018, Reusch received a notice of liability informing him that he had been observed speeding. The notice stated that the images of Reusch driving constituted prima facie evidence of a violation of Toledo Municipal Code ("TMC") 313.12. TMC 313.12 is an ordinance used to issue tickets to speeders recorded by red-light cameras and radar/lidar devices.

{¶ 4} Reusch timely appealed the notice of liability, and Toledo's hearing officer held a hearing on January 3, 2019. The reviewing officer was presented with ample evidence that Reusch was driving 62 m.p.h. in a 50 m.p.h. zone including: photographs, records concerning the radar device, and testimony concerning the officer's qualifications. Reusch had submitted a 49-page brief, with attached exhibits, disputing his citation; despite the arguments therein, on January 15, 2019, the officer upheld the citation.

{¶ 5} Reusch timely filed an administrative appeal on January 15, 2019, to the Toledo Municipal Court. On May 13, 2019, Reusch moved to submit additional evidence. The trial court granted his request, and Reusch was allowed to submit the evidence and conduct some limited discovery.

{¶ 6} On July 31, 2019, Reusch moved for summary judgment. Toledo filed its response on August 16, 2019, and Reusch filed his reply on August 23, 2019.

{¶ 7} A motion hearing was held on September 16, 2019. The motion hearing also included a period of discussion in the jury room. Following the hearing, the trial court denied Reusch's motion for summary judgment on September 16, and entered judgment in favor of Toledo. On September 18, 2019, the trial court clarified that Reusch's motion had been denied and that the court had entered judgment in favor of Toledo in the administrative appeal, not summary judgment.

{¶ 8} This appeal follows. We have been presented with a single assignment of error.

### Assignment of Error

The trial court erred when it upheld the decision of the hearing officer finding that appellant committed a civil speeding infraction under Toledo Municipal Code 313.12.

{¶ 9} In this appeal, Reusch is not challenging the fact that he was driving 62 m.p.h. In his brief, he articulates a number of material facts that he and Toledo agree on, namely that he was driving above the speed limit. Instead, he is arguing that Toledo did not utilize the correct statute in finding him liable and that his

citation is therefore void. We disagree. The trial court's analysis is sound; Toledo had the authority to ticket Reusch in this instance.

**Standard of review**

{¶ 10} Generally, an appellate court reviews a common pleas court's decision in an administrative appeal for an abuse of discretion. *Gyugo v. Franklin Cty. Bd. of Dev. Disabilities*, 151 Ohio St.3d 1, 2017-Ohio-6953, 84 N.E.3d 1021, citing *Pons v. State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). However, an appellate court exercises plenary review over questions of law, including questions of statutory interpretation, like the questions before us here. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175.

{¶ 11} When exercising plenary review over a question of statutory interpretation we review using a de novo standard. *Id.* When reviewing a matter de novo, this court gives no deference to the trial court's decision. *BST Ohio Corp. v. Wolgang*, 8th Dist. Cuyahoga No. 108130, 2019-Ohio-4785, ¶ 12.

**The relevant ordinances and statutes**

{¶ 12} TMC 313.12(c)(2) states in relevant part that: "The owner of a vehicle * * * shall be liable for a penalty imposed pursuant to this Section if such vehicle is operated at a speed in excess of those set forth in TMC Section 333.03."

{¶ 13} As Reusch noted in his briefs, the ordinance does not say that it is a violation to exceed the posted speed limit, but rather that it is a violation to exceed the speed limits "set forth" in TMC 333.03.

{¶ 14} Briefly, we consider what the words "set forth" mean.

{¶ 15} The principal consideration with respect to the interpretation of a statute is the legislative intent. *State v. Garner*, 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262, ¶ 10, citing *State v. Jordan*, 89 Ohio St.3d 488, 491, 2000-Ohio-225, 733 N.E.2d 601. Courts must first look to the language of the statute itself in order to determine the legislative intent. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973).

{¶ 16} If a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). The court must give effect to the words used in a statute, while avoiding "'delet[ing] words used or insert[ing] words not used.'" *Bernardini v. Bd. of Edn.*, 58 Ohio St.2d 1, 4, 387 N.E.2d 1222 (1979), quoting *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969). Here, the statute is clear.

{¶ 17} TMC 333.03 includes two provisions that set forth express speed limits – (b) and (d) – and five provisions that set forth implicit speed limits. "Set forth" is not limited to express speed limits; if that were true, then the limits imposed by the other provisions would be meaningless. That cannot be the case.

{¶ 18} The trial court found that TMC 333.03(h) set forth an implicit speed limit that Reusch violated, therefore making him liable. We agree.

**TMC 333.03(h)**

{¶ 19} Toledo's arguments below, and the lower court's opinion, focused on the interplay between several ordinances. Toledo argued that the 50 m.p.h. speed

limit was not expressly set forth in TMC 333.03, but was instead incorporated pursuant to TMC 333.03(h).

{¶ 20} TMC 333.03(h) states that a speed limit may be "altered, in accordance with Ohio R.C. 4511.21 by declaration of the Ohio Director of Transportation or by statue of Council amending Traffic Schedule IV." We look then to the language of R.C. 4511.21, in particular subsection (H).

**R.C. 4511.21(H)**

{¶ 21} R.C. 4511.21(H) provides three enumerated mechanisms for the director to alter speed limits as well as a single inclusive mechanism. R.C. 4511.21(H)(4) provides that "[n]othing in [R.C. 4511.21] shall be construed to limit the authority of the director to establish speed limits within a construction zone as authorized under section 4511.98 of the Revised Code."

{¶ 22} R.C. 4511.98 grants the director broad authority to alter speed limits in construction zones. There is no dispute that the speed limit in this case was altered according to R.C. 4511.98. The only question is whether the director's altering of the construction-zone speed limit "as authorized under" R.C. 4511.98 can also be construed as being "in accordance with" R.C. 4511.21, as contemplated by the relevant municipal code.

{¶ 23} The phrase "in accordance with" is quite broad. "When interpreting a statute, 'words and phrases shall be read in context and construed according to the rules of grammar and common usage.'" *Teamsters Local Union No. 436 v. Cleveland*, 2017-Ohio-8975, 102 N.E.3d 101, ¶ 36 (10th Dist.), quoting R.C. 1.42. The

phrase "in accordance with" has been deemed to be synonymous with "pursuant to" or "in compliance with." *Id.*, citing *Black's Law Dictionary* 1431 (10th Ed.2014) and *State v. Niesen-Pennycuff*, 132 Ohio St.3d 416, 2012-Ohio-2730, 973 N.E.2d 221, ¶19.

{¶ 24} "In accordance with" stands in stark contrast to the legislature's language in R.C. 4511.21(H)(4), in which it was expressly recognized that the director may alter a speed limit in a construction zone "as authorized under" R.C. 4511.98. "Authorized" is generally defined as "[t]o empower; to give a right or authority to act. To endow with authority or effective legal power, warrant, or right." *Brook Park v. Americargo, Inc.*, 59 Ohio App.3d 23, 25, 570 N.E.2d 290 (8th Dist.1989), quoting *People v. Young*, 100 Ill. App.2d 20, 241 N.E.2d 587 (1968). Although R.C. 4511.21(H) sets forth several mechanisms by which the director may alter posted speed limits, it expressly recognizes the director's authority to alter posted speed limits in construction zones is also authorized under R.C. 4511.98.

{¶ 25} TMC 333.03(h) avoids the phrase "as authorized under" and instead provides that any alteration of a posted speed limit "in accordance with" R.C. 4511.21 shall be the recognized speed limit as contemplated under TMC 313.12(c)(2). Reusch argues that R.C. 4511.21(H)(4) does not encompass R.C. 4511.98 because the sole purpose of R.C. 4511.21(H)(4) is to not limit 4511.98. We disagree with his interpretation.

{¶ 26} Had the drafters of TMC 333.03(h) indicated that the alterations of the speed limit must be "authorized by" R.C. 4511.21, Reusch's argument would have

more support. Because the drafters chose the different language, we cannot read "as authorized under" to be synonymous with the phrase "in accordance with." The sole question is whether altering a speed limit pursuant to R.C. 4511.98 is "in accordance with" R.C. 4511.21. We find that it is.

{¶ 27} Under TMC 333.03(h), the construction-zone speed limit was altered in accordance or consistent with R.C. 4511.21, and therefore, the altered speed limit was contemplated under TMC 313.12(c)(2).

{¶ 28} Accordingly, we find that TMC 333.03(h), pursuant to TMC 313.12(c)(2), gives Toledo the authority to issue the notice of liability to Reusch.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR

*Judges of the Eighth District Court of Appeals sitting by assignment in the Sixth
District Court of Appeals.